THOMAS F. GALLAGHER'S (dependent's) CASE.

Suffolk.    October 6, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act*, Dependency.

The widow of an employee, whose husband died before the enactment of St. 1914, c. 708, § 3, if at the time of her husband's death she was living apart from him for justifiable cause, cannot "be conclusively presumed" to have been "wholly dependent for support" upon her husband at the time of his death within the meaning of St. 1911, c. 751, Part II, § 7 (*a*), and the question of her dependency must be determined under the last clause of § 7.

CROSBY, J.    This case arises under the workmen's compensation act (St. 1911, c. 751, Part II, § 7), in which the widow of the deceased employee seeks to recover compensation upon the ground that she is conclusively presumed to have been wholly dependent upon him at the time of his death.

The following are the material facts as found by the Industrial Accident Board: Thomas F. Gallagher, the deceased employee, received a personal injury arising out of and in the course of his employment on December 17, 1912, from which he died on January 15, 1913. His widow, Mary E. Gallagher, had been living apart from him, for justifiable cause, for about four years before the accident, and about three years before his death had obtained a decree from the Probate Court ordering him to pay her the sum of $4 weekly for her support. In November, 1912, the amount so ordered to be paid her was reduced to $2 per week. The husband had but partially complied with these orders at the time of his death, and the wife has been obliged to support herself by her own labor, except for such sums as were paid her under order of the Probate Court.

At the time the injury was received by the employee, the act provided that: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (*a*) A wife upon a husband with whom she lives at the time of his death. . . . In all other cases [than those described in (*a*), (*b*) or (*c*) of the section] questions of dependency, in

whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." St. 1911, c. 751, Part II, § 7. The Industrial Accident Board ruled that: "If a wife who is living with her husband at the time of his death is conclusively presumed to be wholly dependent upon his wages for support, a wife who is justified in law in leaving her husband and who seeks the protection of her rights in every possible way and endeavors to secure the support to which she is legally entitled, is clearly dependent upon him for support."

We are of opinion that this ruling was wrong, and that the presumption does not apply to a case where a woman is actually living apart from her husband, although this condition may exist without fault on her part.

In construing this clause of § 7, this court said, in *Nelson's Case*, 217 Mass. 467, 469: "'With whom she lives' in (*a*) means living together as husband and wife in the ordinary acceptation and significance of these words in common understanding. They mean maintaining a home and living together in the same household, or actually cohabiting under conditions which would be regarded as constituting a family relation." *Bentley's Case*, 217 Mass. 79.

Since the death in this case occurred, the Legislature, by St. 1914, c. 708, § 3, has amended clause (*a*) by further providing that, if at the time of the husband's death, the Industrial Accident Board shall find the wife was living apart for justifiable cause or because he had deserted her, she is conclusively presumed to be wholly dependent upon her husband.

It is plain that clause (*a*) of § 7 of the statute as it stood at the time of the death of this employee did not apply to his wife because she was not living with him at that time.

The board should have determined as a fact the question of dependency under the last clause of § 7, without reference to the conclusive presumption created in clause (*a*). The case should be remanded to that board for further hearing.

*Decree reversed.*

*W. H. Vincent*, for the insurer.

*J. A. Coveney*, for the dependent, submitted a brief.