## CHARLES H. E. DOHERTY'S CASE.

Suffolk.    September 15, 1915. — October 14, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,* Amplification of record, Injury arising out of employment, New hearing before Industrial Accident Board. *Evidence,* Matters of common knowledge.

Where a decree of the Superior Court affirming a decision of the Industrial Accident Board was reversed by this court "not on its merits, but to enable the insurer to move in the Superior Court on the ground of diminution of the record that the cause be recommitted to the Industrial Accident Board for correction and amplification of the record," and where the record afterwards was presented again to this court corrected and amplified as suggested and containing also a new finding of the Industrial Accident Board, which did not differ in essential respects from the original finding of the board, it was *held,* that, although the sending back of the case to correct a "diminution of the record" did not justify the making of a new record and therefore the board had exceeded its power in attempting to make the new finding, yet the record as a whole enabled this court to ascertain what had occurred at the proceeding before the board and therefore the substantial rights of the parties did not require the granting of a motion of the insurer to recommit the case again through the Superior Court to the Industrial Accident Board before considering the case on its merits.

In a claim under the workmen's compensation act the Industrial Accident Board found that the employee had suffered lead poisoning as a personal injury arising out of and in the course of his employment. There was evidence that the employee had lead poisoning and that he had worked as a printer for his employer for about fifteen years, but there was nothing to show the composition of the type upon which he worked, nor to show that lead fumes or lead dust or any dangerous compound of lead was given off in a printing establishment or in such handling of type as the employee had been engaged in to such an extent or in such a form as to be likely to be taken into the human system and to cause lead poisoning. *Held,* that there was no evidence that the lead poisoning from which the employee suffered was due to his employment or that it did not come from other sources, and that the finding of the Industrial Accident Board was not warranted.

It is not a matter of common knowledge that the handling of type by a printer in operating a linotype in the course of his employment is likely to produce lead poisoning.

Where in a claim under the workmen's compensation act a certain material finding made by the Industrial Accident Board was not warranted and accordingly a decree of the Superior Court founded on that finding was reversed, this court were not satisfied upon the record that the case had been tried fully upon

this point and considered the case one where, if the employee desired to intro-
duce additional evidence, there should be a further hearing, and therefore or-
dered that the Superior Court should recommit the case to the Industrial
Accident Board in order that the employee might move for a hearing and the
introduction of further evidence, and that, if this motion was granted and if
at the further hearing new facts were shown upon the point in question, the
case should be considered anew upon all the evidence introduced by all parties.

APPEAL to the Superior Court under St. 1911, c. 751, Part III,
§ 11, as amended by St. 1912, c. 571, § 14, from a decision of the
Industrial Accident Board.

The Superior Court made a decree affirming the decision of
the Industrial Accident Board and ordering the insurer to pay
to the employee the sum of $97.14.

The previous presentation of the case before this court and the
rescript then issued are described and quoted in the opinion.

The case was submitted on briefs.

*F. Peabody, E. K. Arnold, & S. H. Batchelder,* for the insurer.

*W. N. Osgood,* for the employee.

RUGG, C. J. This case came before the full court at an earlier
sitting. The record then was incomplete. There had been a hear-
ing before an arbitration committee and also before the Industrial
Accident Board. But it did not appear whether the latter hearing
was upon additional evidence or simply upon the report of the
arbitration committee. In other respects the record was not plain.
Upon motion then made a rescript was sent in this form: "De-
cree reversed, not on its merits, but to enable the insurer to move
in the Superior Court on the ground of diminution of the record
that the cause be recommitted to the Industrial Accident Board
for correction and amplification of the record." Thereafter, the
Superior Court acted and remanded the case in the terms of the
rescript by agreement of counsel. The Industrial Accident Board
then proceeded to hold a further hearing and "revising the report
of the committee of arbitration and the findings and decision of
the Industrial Accident Board on review, substitutes therefor
the following: No new evidence was presented at the hearing
on review, the decision of the board being based upon an examina-
tion of the record of the evidence presented to the committee of
arbitration." Then follows a summary of the material evidence
and a transcript of the testimony of the employee. The last quoted
sentence was in accordance with the rescript. It supplied omis-

sions and corrected defects of the earlier record. But the board went further and itself made a new finding. This was beyond its power. "Diminution of the record" means incompleteness in the statement of the proceedings, — that it is silent where it ought to speak. The sending back of a case on this ground, as stated in the rescript, was for the purpose of enabling the record of what had happened to be made correct and full. But it did not warrant the wiping out of the old record and making a new one. The board had no authority to make a new finding. Objection upon this point seasonably was taken by the insurer. But the new finding does not in our opinion differ in essential respects from the one made earlier. Although somewhat informal, the record as a whole enables us to ascertain what occurred. Although the proceeding was irregular, the substantial rights of the parties did not require the granting of the motion of the insurer to recommit the case to the board at that stage. The matters which supply the omissions of the former report, together with the substance of the original findings of the board, will be considered.

The motion of the insurer as to the additions to be made to the record presented to the board was granted in substance though not in form. It was the duty of the board to correct and complete its record fully so as to conform to the facts. It was proper, if not necessary, for the board to set out the evidence or the substance of it.

The finding of the board in effect was that the employee received lead poisoning or plumbism as a personal injury arising out of and in the course of his employment. The evidence was conflicting as to the injury from which he suffered. But as there was testimony to the effect that he had lead poisoning, the finding upon this point must stand. *Pigeon's Case,* 216 Mass. 51.

The point of difficulty is whether the injury arose out of and in the course of his employment. There must be some evidence to support the finding that it did so arise. *Sponatski's Case,* 220 Mass. 526.

The evidence that he suffered from lead poisoning had no tendency to show the source of that poison. That must be established by other evidence. There was testimony that the employee had worked as a printer for the employer for about fifteen years as "a 'bank' man, an 'ad' man, and as a linotype opera-

tor, and that he handled type all the time during that period. His duties at the time of the injury, that is, on January 30, 1914, were those of a 'bank' man — the receiving and arranging of type as it is cast from molten lead by the linotype machine. The employee stated that 'as the linotype printer finishes the little takes, they are removed from the machine and turned over to the bank man,' and that it was his duty to 'remove the takes from the machine and put them together.' He had been working on the particular job of 'bank' man for about three years prior to the date of the injury."

There is nothing in this evidence or elsewhere in the record to show what was the composition of the type upon which he worked. Nor is there anything to show that lead fumes or lead dust or any dangerous compound of lead is given off in a printing office or in the handling of type similar to that engaged in by the employee to such an extent and in such form as to be likely to be taken into the human system and to cause plumbism. While it is quite possible that such may be the fact we do not know it, and in our opinion it cannot be regarded as a matter of common knowledge. The record is bare of any evidence to show that the lead poisoning from which the employee suffered was due to his employment or that it did not come from other sources. The decree, therefore, must be reversed. We are not satisfied upon the record that the case has been fully tried upon this point. It is provided in the workmen's compensation act, St. 1911, c. 751, Part III, § 10, as amended by St. 1912, c. 571, § 13, that "No party shall as a matter of right be entitled to a second hearing upon any question of fact." This means that the introduction of new evidence is a matter of discretion ordinarily. Commonly there should not be a rehearing. Where there has been a full trial a final decree should be entered. There may have been misconception on the part of the arbitration committee, or the Industrial Accident Board, as to their power to draw inferences from matters or base conclusions upon information outside the evidence, or for some other reason the employee may have failed to present his real case. The present case appears to be an instance where, if the introduction of additional evidence is desired by the employee, there should be a further hearing. The case is to be recommitted to the Industrial Accident Board, where the employee may move for a hearing and for

the introduction of further evidence. If such motion is granted and upon further hearing new facts are shown upon this point, the case should be considered anew upon all the evidence introduced by all parties. Otherwise, a finding must be made against the employee.

*So ordered.*