PASQUALE FIERRO'S (dependent's) CASE.

Suffolk.    November 29, 1915. — March 7, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, Dependency, Time of filing claim. *Evidence*, Competency, Official records.

If the widow of a deceased employee, who makes a claim under the workmen's compensation act as having been dependent upon her husband for support at the time of his death, is a native and resident of a foreign country and never has been in this country, where her husband remained continuously for six or eight years before his death, and if there is no evidence that she was living apart from her husband for justifiable cause or that he deserted her, she cannot be awarded compensation under clause (*a*) of St. 1914, c. 708, § 3, as a person conclusively presumed to have been wholly dependent for support upon the deceased employee, and the question whether such widow was actually dependent in whole or in part upon her husband at the time of his death must be determined under St. 1911, c. 751, Part V, § 2, and the last paragraph of clause (*c*) of St. 1914, c. 708, § 3.

Evidence, that an employee living continuously in this country for six or eight years before his death during that time sent to his wife living in a foreign country sums of money amounting in all to $161, there being nothing to show the circumstances of the wife nor whether she had other and independent means of support, does not warrant a finding that such wife was wholly dependent upon the earnings of her husband for support at the time of the injury that caused his death.

*Whether* the provisions of the workmen's compensation act relating to the death of employees were intended to benefit widows or other dependents living in a foreign country and having no domicil in this Commonwealth, here was referred to as a question that was not raised and consequently was not considered.

A deposition of a claimant for compensation as a dependent under the workmen's compensation act is competent evidence upon the question of the dependency of the claimant, and the weight to be given to it is to be determined by the arbitration committee and the Industrial Accident Board.

In support of the claim of an alleged dependent widow under the workmen's compensation act living in a foreign country, post office records are admissible in evidence to show that the deceased employee purchased money orders payable to his wife.

Under St. 1912, c. 571, § 5, providing that "The failure to make a claim [under the workmen's compensation act] within the period prescribed by section fifteen [six months after the injury] shall not be a bar to the maintenance of proceedings under this act if it is found that it was occasioned by mistake or other reasonable cause," the fact, that the widow of a deceased employee, who makes a claim as his dependent, resides in Italy, does not in itself warrant a finding that there was reasonable cause for her failure to file her claim within six months after the injury to her husband that resulted in his death.

*Whether* the requirement of the workmen's compensation act, that a claim under the act must be filed within six months after the occurrence of the injury to the employee, is one that can be waived by the insurer, here was spoken of as a question which it was not necessary to decide in the present case.

CROSBY, J. This is an appeal from a decree of the Superior Court * confirming the decision of the Industrial Accident Board. The arbitration committee found as a fact that the widow of the deceased employee was wholly dependent upon her husband for support at the time of his death. This finding is affirmed and adopted by the Industrial Accident Board on review.

The board also found that "the failure to file a claim for compensation within the period prescribed by Part II, § 15, was occasioned by reasonable cause, due to the delay in obtaining the necessary authorization from said widow, who resides in Italy." As all the material evidence is reported, the findings of the board must stand if there is any evidence to support them. *Pigeon's Case,* 216 Mass. 51.

1. There was evidence that the deceased, a native of Italy, had been in this country for about eight years before his death, and had remained here continuously during that time; that he had a wife in Italy to whom he sent money at different times by mail. There is no evidence that his wife ever had been in this country. Still it appears from a copy of the certificate of his marriage, printed on page 13 of the record, that he was not married until October, 1909, only six years before the hearing. This circumstance is not referred to and does not seem to have been considered either by the arbitration committee or the Industrial Accident Board, nor is it raised by the insurer.

The accident which resulted in the death of the employee occurred on August 14, 1914. By St. 1914, c. 708, § 3, which took effect June 25, 1914, it is provided that "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee. (*a*) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the Industrial Accident Board shall find the wife was living apart for justifiable cause or because he had deserted her." If a widow is entitled to recover under this provision of the statute, such recovery is for total dependency and a finding for

* Entered by order of *Wait,* J.

partial dependency thereunder could not properly be made. A finding that the claimant in this case was living with her husband at the time of his death would not be warranted. *Nelson's Case*, 217 Mass. 467. *Newman's Case*, 222 Mass. 563. There is no evidence in the record to justify a finding that she was living apart from her husband for justifiable cause or that he had deserted her. It follows that she is not entitled to compensation under clause (*a*) of St. 1914, c. 708, § 3. The board should have determined as a fact whether the widow was actually dependent in whole or in part upon her husband at the time of his death under St. 1911, c. 751, Part V, § 2, and the last paragraph of clause (*c*) of St. 1914, c. 708, § 3. *Newman's Case*, 222 Mass. 563. *Gallagher's Case*, 219 Mass. 140. *Nelson's Case*, 217 Mass. 467.

There was evidence that the deceased had sent his wife at different times various sums of money amounting altogether to $161. There is no evidence to show that he had contributed anything else to her support during the eight years preceding his death. There is nothing to show the circumstances of his wife or whether she had other and independent means of support or otherwise. In other words, there is an entire absence of evidence upon this question. The burden of proof rests upon the claimant, and, in view of the state of the evidence, we are of opinion that the finding of the board that she was wholly dependent cannot be sustained. *Buckley's Case*, 218 Mass. 354. *Welch* v. *New York, New Haven, & Hartford Railroad*, 176 Mass. 393. *Houlihan* v. *Connecticut River Railroad*, 164 Mass. 555. *Hodnett* v. *Boston & Albany Railroad*, 156 Mass. 86.

The evidence shows that the widow never has been a resident of the United States, either in fact or by relation to her husband, as it does not appear that he was a naturalized citizen. The question whether the death sections of the workmen's compensation act were intended to benefit widows and dependents who live in foreign countries having no domicil within the Commonwealth has not been raised, and we do not consider it. *Nelson's Case*, 217 Mass. 467. *Mulhall* v. *Fallon*, 176 Mass. 266. *McGovern* v. *Philadelphia & Reading Railway*, 235 U. S. 389. *Davidsson* v. *Hill*, 2 K. B. [1901] 606. *Krzus* v. *Crow's Nest Pass Coal Co. Ltd.* 6 B. W. C. C. 271.

2. The deposition offered by the claimant was competent upon

the question of dependency. The weight of the evidence was for the committee. The objection to its admission cannot be sustained.

3. The evidence as shown by the post office records that the deceased had purchased money orders payable to his wife were clearly admissible upon the question of her dependency.

We do not perceive any error in the admission or exclusion of evidence.

4. The act provides in substance that no proceedings for compensation shall be maintained until notice shall be given to the association or subscriber as soon as practicable after the injury, and unless the claim for compensation shall have been made within six months after the occurrence of the same; "or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity." It is also provided by § 18 that "Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury." In this case there was evidence that the association and the subscriber had notice of the injury.

The claim for compensation is required to be in writing which shall include the requirements contained in § 23 of the act as amended by St. 1912, c. 571, § 5. This section as amended provides that "The failure to make a claim within the period prescribed by section fifteen shall not be a bar to the maintenance of proceedings under this act if it is found that it was occasioned by mistake or other reasonable cause." See *Bloom's Case*, 222 Mass. 434. The record shows that the claim in this case was not filed within six months after the death of the employee, but the board finds that such failure "was occasioned by reasonable cause, due to the delay in obtaining the necessary authorization from said widow, who resides in Italy." It does not appear that any evidence was presented to the arbitration committee upon this question, and the committee made no finding with reference thereto. At the hearing before the Industrial Accident Board on review no new evidence was introduced, so it is apparent that the board made this finding without any evidence on the subject. For this reason we are of opinion that the finding was not warranted. Whether there is evidence to show that the delay was for the reason stated or for

any other reason does not appear. In the absence of any evidence tending to show that the failure to file the claim within six months was occasioned by mistake or other reasonable cause, it is plain that these proceedings cannot be maintained. There is no evidence to show that the insurer waived this requirement of the statute, if it could be so waived, which we do not deem it necessary to decide.

The finding of the board that the proceedings "were prosecuted [defended] without reasonable ground" and the order that the entire costs of the proceedings are to be paid by the insurer were not warranted for obvious reasons.

The act as amended provides that "No party shall as a matter of right be entitled to a second hearing upon any question of fact." Sts. 1911, c. 751, Part III, § 10; 1912, c. 571, § 13. And where there has been a full trial upon the questions at issue, a rehearing should not be granted but a final decree should be entered. *Doherty's Case,* 222 Mass. 98.

In view of what has been said, we are inclined to the opinion that the ends of justice may require a further hearing. Therefore, the case is to be recommitted to the Industrial Accident Board, where the dependent may move for a hearing and the introduction of further evidence. If the motion is granted and upon further hearing new facts are shown, the case should be considered anew. Otherwise, a finding must be made in favor of the insurer.

*So ordered.*

*A. L. Richards,* for the insurer.
*H. A. Weymoth,* for the dependent.