# JOHN GORSKI'S (administrator's) · CASE.

Suffolk.   March 8, 1917. —; June 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.   Evidence,* Matters of common knowledge. *Words,* "Filed."

It is matter of common knowledge that the great war began more than five weeks after June 24, 1914.

Absence from the country and ignorance of the law cannot be found to be a reasonable cause for failing to file a claim under the workmen's compensation act within six months after the injury or death¹ of an employee that is the basis of the claim.

An employee died here as the result of an injury arising out of and in the course of his employment, leaving in Poland a wife and two daughters and in this country a son eighteen years and seven months of age, with whom the employee lived.   The employee never had helped his son and the son on two occasions gave money to the father to be sent home.   The father never sent home any of his own earnings.   His wife lived in Poland on a farm owned by her husband and hired a man to work it after the employee left.   The injury and death of the employee were in June, 1914, the great war began on August 1 of that year, and the last time that the son heard from his mother was at Christmas, 1914. An administrator of the estate of the employee was appointed seven months after his death, and more than eight months after his death the first claim for compensation was mailed by the administrator to the Industrial Accident Board, but it did not appear that it ever was received by that board.   A proper claim for compensation was filed with the board more than fifteen months after the death.   The Industrial Accident Board found that the failure to make the claim within six months after the death of the employee "was occasioned by mistake or other reasonable cause" within the meaning of the workmen's compensation act.   *Held,* that there was no evidence to warrant this finding of the board.

The mailing of a claim for compensation addressed to the Industrial Accident Board is not a filing of the claim with the board within the meaning of the workmen's compensation act.

In the requirement of St. 1912, c. 571, § 5, that a claim "shall be filed with the Industrial Accident Board" the word "filed" means that the paper on which the claim is written must be delivered physically into the possession of the board.

In the same case it appeared, in addition to the facts stated above, that the employee left his wife seven months before his death and stated that he "intended to have her come over later on."   The Indusrial Accident Board found that the widow was living with her husband at the time of his death and therefore was conclusively presumed to have been wholly dependent upon his earnings for support.   *Held,* that this finding was not warranted by the evidence, and that there was no evidence that the wife was living apart from her husband for

a justifiable cause within the meaning of the act, and that therefore the question of the dependency of the widow was to "be determined in accordance with the fact." In the present case, no investigation of this matter having been made either by the arbitration committee or by the Industrial Accident Board, it was *said* that in this respect there had been a mistrial.

In the same case it appeared that the deceased employee had worked in this country about two months before his injury and had received the pay of $12 a week, and that during the previous five months that he was in this country he had been unemployed. The Industrial Accident Board found that "the average weekly wages of the deceased employee were $12." *Held*, that there was no evidence to warrant this finding under St. 1911, c. 751, Part V, § 2, which provides that "'Average weekly wages' shall mean the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two," and that "Where, by reason of the shortness of the time during which the employee has been in the employment of his employer, or the nature or terms of the employment, it is impracticable to compute the average weekly wages, as above defined," the amount of compensation shall be arrived at in one of two other ways, neither of which appeared to have been resorted to in the present case.

By St. 1911, c. 751, Part III, § 10, as amended by St. 1912, c. 571, § 13, in a claim under the workmen's compensation act "No party shall as a matter of right be entitled to a second hearing upon any question of fact," and ordinarily where there has been a full hearing there should be no new trial. In the present case, where an award had been made upon findings unwarranted by the evidence, although certain matters had remained untried which would have been material if the claimant had been entitled to compensation, it was clear that no claim for compensation had been filed in accordance with the requirements of the statute, and it was *ordered* that the decree should be reversed and a decree entered to the effect that there was no claim against the insurer.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, awarding to the administrator of the estate of John Gorski, for the benefit of his dependent widow living at Villa Zelenea in Russian Poland, a weekly compensation of $6 for a period of three hundred weeks from June 24, 1914.

The case was heard by *Fox*, J. The findings of the Industrial Accident Board upon the evidence reported by the arbitration committee and also ·the facts in regard to the filing of the claim with the board are stated in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*A. L. Richards*, for the insurer.

*J. F. Carmody*, for the administrator, submitted a brief.

RUGG, C. J. The pertinent facts are that John Gorski, the employee, received mortal injuries arising out of and in the course

of his employment on June 24, 1914. He came to this country in November, 1913, from Villa Zelenea, Poland, leaving there a wife and two daughters. A minor son was in this country and with him the father roomed. He never helped the son, but was aided by the latter, who on two different occasions gave money, the amount of which does not appear, to the father to be sent home. The father did not get work until April or May, 1914, and he never sent home any of his own earnings, but spent them all. The wife lived on the farm owned by the deceased in Poland and she hired a man to work it when the deceased left. She was living on the farm in June, 1914. The son heard from his mother at Christmas, 1914, but had not heard from her since. The son testified that he "did not know why he had not heard from his mother since Christmas, 1914, but the war is going on in the place where they lived." An administrator of the estate of the deceased was appointed on February 9, 1915. On March 1, 1915, a paper in form a notice to the employer of the injury and death of the employee and a claim for compensation was mailed to the Industrial Accident Board by the administrator, but there was no evidence that it ever reached the board and it never was found among the papers in the case in the possession of the board. Other claims for compensation sufficient in form were filed with the board on October 19 and on December 17, 1915.

The act in Part II, § 15, provides that "No proceedings for compensation for an injury . . . shall be maintained . . . unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or . . . within six months after death." The essential requisites of such a claim for compensation are set out in Part II, § 23, as amended by St. 1912, c. 571, § 5, where it is provided that the claim must be in writing, must set out the time, place and cause of the injury, must be signed by designated persons, and "shall be filed with the Industrial Accident Board." But the failure to make a claim within the six months period shall not bar proceedings under the act "if it is found that it was occasioned by mistake or other reasonable cause."

The evidence does not afford ground for finding that there was reasonable cause for failure to make a claim for compensation

earlier than March 1, 1915, which was between eight and nine months after the injuries were received. It is matter of common knowledge that the great war did not begin until more than five weeks after the decease of the employee. There is of course no foundation for the belief that there was any irregularity in the mails before August 1, 1914. That the mails were not wholly interrupted even after war was declared is manifest from the circumstance that the last letter from the mother came at Christmas, 1914. Neither ignorance of the law nor simple absence from the country constitutes reasonable cause for failure to make the claim seasonably. That is settled. *McLean's Case*, 223 Mass. 342. There is no basis for a finding under the circumstances here disclosed upon all the evidence that information of fatal injury to the employee did not reach the wife in time for action to have been taken within the period fixed by the statute. The son, then eighteen years and seven months of age, was here and knew of his father's death immediately. Without convincing evidence, it cannot be thought that he did not inform his mother and sisters of his father's fatal injuries within a brief time. Therefore, the finding that the failure to make a claim within the six months' period "was occasioned by mistake or other reasonable cause" as provided in the workmen's compensation act, St. 1911, c. 751, Part II, § 23, as amended by St. 1912, c. 571, § 5, finds no support in the evidence. *Fierro's Case*, 223 Mass. 378, 381. While a finding of facts by the board will stand if there is any evidence upon which it can rest, *Pigeon's Case*, 216 Mass. 51, it must be founded upon evidence and cannot rest upon surmise, conjecture or speculation. *Sponatski's Case*, 220 Mass. 526. *Duke's Case*, 226 Mass. 591.

Moreover, there is no evidence and no finding respecting the reason for delay in the appointment of the administrator, the real reason for his appointment, and his conduct touching the prosecution of this claim after the appointment.

A fair construction of the reports of the arbitration committee and of the Industrial Accident Board shows by implication that they proceeded on the ruling of law that the mailing of a claim for compensation directed to the board is a compliance with the act. In this they were in error. The act plainly requires that the claim must be "filed" with the board. This re-

quirement is not satisfied by an ineffectual attempt to put the claim in the custody of the board. The word "filed" in this connection imports that the claim is to be placed permanently on the files of the board, so that any person interested may refer to it. The paper on which the claim, with the details set forth in the statute, is written actually must be delivered physically into the possession of the board before it can be said to be filed with the board. *Chapin* v. *Kingsbury*, 135 Mass. 580; *S. C.* 138 Mass. 194. *Powers Regulator Co.* v. *Taylor*, 225 Mass. 292, 299. The record as it stands contains no evidence and no finding touching the conduct of the administrator after mailing the claim. An error of law of this sort well might turn out to be decisive. It cannot be regarded as immaterial.

It may be added that the finding that the widow was living with her husband at the time of his death, and therefore is conclusively presumed to have been wholly dependent upon his earnings for support, was not warranted by the evidence. The evidence was that the deceased left his wife on a farm in Poland and came to this country, and that she then hired a man to work on the farm, and that the deceased stated that he "intended to have her come over later on." The deceased left his wife seven months before his death.

The workmen's compensation act makes three different provisions respecting the award of compensation to a widow of a deceased employee dependent upon different states of facts. First: A wife is conclusively presumed to be wholly dependent upon a husband with whom she lives at the time of his death. Second: A like conclusive presumption of entire dependency upon the husband exists in the case of a wife found to be living apart from her husband for justifiable cause or because he had deserted her. Third: In all other cases than these two the question of dependency shall be determined in accordance with the fact as it is at the time of the husband's injury. Part II, § 7, as amended by St. 1914, c. 708, § 3. The evidence in the case at bar did not warrant a finding that there was a living together within the meaning of the act. *Nelson's Case*, 217 Mass. 467. The cases from other jurisdictions relied upon by the administrator arose under different statutes and need not be reviewed. There was no evidence of a living apart for justifiable cause. *New-*

*man's Case,* 222 Mass. 563. The compensation to be awarded, therefore, must rest upon the facts as to dependency. See *New Monckton Collieries, Ltd.* v. *Keeling,* [1911] A. C. 648. This matter does not seem to have been the subject of much attention at the hearing either by the arbitration committee or by the board. It appears that on two different occasions after coming to this country the deceased sent home money received by him from his minor son. But the amounts are not shown. In this respect there was a mistrial.

Further, there was no evidence to warrant the finding that "the average weekly wages of the deceased employee were $12." The deceased had worked in this country about two months before his injury. His wages during that time were $12 per week. That was all that he earned. During the period of five months before he had been unemployed. Manifestly there was no basis on these facts for ascertaining "average weekly wages" under the definition in Part V, § 2, to the effect that these words "shall mean the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of the injury, divided by fifty-two." Nor is this a case like *Bartoni's Case,* 225 Mass. 349, where the employment has been for a period of fifty-two weeks with interruptions due to bad weather. It appears to be a case where the remaining words of the definition are applicable, viz., "Where, by reason of the shortness of the time during which the employee has been in the employment of his employer, or the nature or terms of the employment, it is impracticable to compute the average weekly wages, as above defined, regard may be had to the average weekly amount which, during the twelve months previous to the injury, was being earned by a person in the same grade employed at the same work by the same employer; or, if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district." But there is no evidence to show which of these two clauses was applicable in the case at bar, nor to show whether the board in making a decision as to the amount of compensation followed correct rules of law. See *Gillen's Case,* 215 Mass. 96. See, also, *Greenwood* v. *Joseph Nall & Co. Ltd.* [1917] 1 A. C. 1.

The act provides that "No party shall as a matter of right be entitled to a second hearing upon any question of fact." Part III,

§ 10, as amended by St. 1912, c. 571, § 13. Ordinarily, where there has been a full hearing there should be no retrial, but a final decree should be entered. *Doherty's Case,* 222 Mass. 98. *Lacione's Case, ante,* 269. This case falls within that class. The decree should be reversed and a decree entered to the effect that there is no claim against the insurer.

*So ordered.*