JAMES McDONALD'S (dependents') CASE.

Suffolk.    November 15, 1917. — February 28, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Dependency.

Under the provisions of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 7 (*a*), that a wife shall be presumed to have been wholly dependent for support "upon a husband with whom she lives at the time of his death," the living together of husband and wife imports actual enjoyment of the marriage relation under a common roof and cannot include prolonged absences, even though one of the two remains at home and the other expects to return, and, where the physical separation has been continued for more than a year for reasons of mere business expediency, it cannot be found that a wife who stayed at their home in Nova Scotia was living with her husband, who was employed in this Commonwealth, at the time of his death.

In a claim under the workmen's compensation act by the alleged dependent widow of a deceased employee, where it appears that the wife and five minor children of the employee lived in Nova Scotia in a house belonging to the wife, which was in good repair and had eight rooms in it, it cannot be found that the wife was wholly dependent for support upon her deceased husband. Following *Derinza's Case, ante,* 435.

Nor can it be found in the case stated above that the minor children of the employee were wholly dependent upon him for support.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, that Alice A. McDonald, the widow of James McDonald, the deceased employee, was living with him at the time of his death and accordingly was conclusively presumed to have been wholly dependent upon him for support, and also that she was in fact wholly dependent for support upon the employee, and also that the five minor children of the employee under eighteen years of age were in fact wholly dependent for support upon the earnings of the employee at the time of his injury and death, awarding to the widow a weekly payment of $10 for a period of four hundred weeks from January 6, 1916, and to the five minor children, in equal shares of $2 each, the sum of $10 a week during the same period.

The case was heard by *Fox,* J. The evidence is described in

the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board, and the insurer appealed.

*G. Gleason,* for the insurer.

*James J. McCarthy,* for the dependents.

RUGG, C. J. The deceased received mortal injury in the course of and arising out of his employment by a subscriber under the workmen's compensation act. St. 1911, c. 751.

His dependents, although aliens, are subjects of a friendly foreign nation and are not excluded from the benefits of the act. *Derinza's Case, ante,* 435.

The first point to be decided is whether the finding of the Industrial Accident Board that the wife of the deceased was living with him at the time of his death can be supported. The facts are that the deceased had a wife and five minor children, who lived in a house built by the husband upon land then or later owned by the wife in a small country settlement called Havre Voucher in Nova Scotia. The only industry there is a lobster factory. The husband had worked in the United States more or less since marriage. He went away every spring and came home in the autumn. He sent money home every month, and clothing to the wife and children. The relations of the deceased with his family always were pleasant. He left home in December, 1914, his wife remaining in Nova Scotia. It does not appear precisely where he went, but so far as his wife knew he was either in Rhode Island or Massachusetts. He was a carpenter by trade, and died on January 6, 1916, from injuries received on that date. Seemingly he had stayed away from home on this occasion considerably longer than on his previous trips to this State.

The words of the act as amended are that there shall be a conclusive presumption of the total dependency of "A wife upon a husband with whom she lives at the time of his death." Part II, § 7 (a). The meaning of these words as used in the act was discussed in *Nelson's Case,* 217 Mass. 467. They have been interpreted and applied in *Gallagher's Case,* 219 Mass. 140, *Newman's Case,* 222 Mass. 563, *Fierro's Case,* 223 Mass. 378, and *Gorski's Case,* 227 Mass. 456. What there has been said need not be repeated. A living together with reference to husband and wife imports actual enjoyment of the marriage relation under a common roof. It cannot be stretched to include prolonged absences,

even though one of the two may remain at home and the other may expect to return.   In reason it seems to us that when the physical separation has been continued for more than a year, as in the case at bar, for reasons of mere business expediency,` there is not a living together at the time of the death, even though there is a genuine purpose to resume cohabitation.   It would have been simple for the Legislature to have said that the wife should be conclusively presumed to be totally dependent upon the husband unless through her fault she is living apart from him, if that had been its intent.   This clause as originally enacted was amended by St. 1914, c. 708, § 3.   No such simple change as that then was made, but another of quite different meaning, to the effect that a wife might recover as a total dependent if living apart from the husband for justifiable cause.   This does not mean that a wife not living with her husband by reason of mutual agreement to that end shall be regarded as a total dependent.   *Veber's Case,* 224 Mass. 86.   The words actually used by the Legislature express a purpose to declare total dependency in those cases only where there is such living with reference to a home as to make it clear that there has been no suspension of the marriage relation, but to leave the question of dependency and its extent to be ascertained as a fact in each case where there has been a physical separation between husband and wife for a considerable period of time for any reason except desertion of the wife by the husband, or a living apart from the husband by the wife for justifiable cause. As applied to citizens of a State of the size of Massachusetts, with its present high standard of marital morality among those defined as employees by the act, there would appear to be ground for a law of that tenor.   Actual physical separation for more than a year between a citizen husband and wife might be thought to require an examination of the facts as to dependency.   As applied to cases like the present the Legislature may have thought that whether the support of aliens residing in foreign countries should be a burden upon Massachusetts industries ought to depend upon the actual extent of contribution to the support of his wife or family during the life of the employee.   That is the meaning which the words of the statute express.   Other decisions like *Ex parte Gilmore,* 3 M. G. & S. 967, *Walton* v. *Walton,* 76 Miss. 662, and *Potts* v. *Davenport,* 79 Ill. 455, where the kind of separa-

tion or desertion was raised, are so different in the issue presented as to afford no aid in the interpretation of the words used in the present statute. As was said in *Nelson's Case, ubi supra,* if there is anything inconsistent with this conclusion in *Northwestern Iron Co.* v. *Industrial Commission,* 154 Wis. 97, we are constrained not to follow it. The finding that the wife in the case at bar was totally dependent upon the husband because living with him at the time of his death, cannot be supported.

The board found as a fact that the wife was wholly dependent upon the earnings of the deceased for her support. The facts upon this point are that the wife and children lived in a house of eight rooms built by the husband upon land owned by an uncle of the wife, who, when he died, left a will. There was about an acre of land used as a yard. No vegetables were raised on it. There was a barn. A cow owned by the husband was kept, whose milk was used entirely by the family, none being sold. The tax bills were made out in the name of the husband and were paid out of his earnings. No insurance was carried on the house. The wife testified that she did not know what was a fair rental value of the house, because all the people in Havre Voucher owned their own houses. There was no evidence as to the value of the house and it yielded no income. There was evidence that the house was freshly painted and was a better looking house than the others near by. The evidence as to the title to the house and land need not be recited. The board found on appeal that it was in the wife. There was evidence in the testimony of a searcher of land titles and the will of the uncle of the widow to support that finding.

Upon these facts a finding of total dependency was not warranted. Where a wife owns a lot of land with an eight room house in good repair upon it, in which the family live, it cannot rightly be said that she is wholly dependent for support upon the wages of the husband. Payment of rent is an essential factor in the support of every family which does not have its housing supplied from sources other than the wages of the husband. Where the housing is provided from some other source, that is a substantial matter. Ownership of a house of the size and condition here shown is not so insignificant as to be negligible, as was the independent property in *Carter's Case,* 221 Mass. 105, *Buckley's Case,* 218 Mass. 354, and *Caliendo's Case,* 219 Mass. 498, but is too

material to be ignored, as in *Kenney's Case*, 222 Mass. 401, 404. The case upon this point is indistinguishable from *Derinza's Case, ante,* 435, just decided. It follows that the inference of total dependency of the wife as a matter of fact standing alone would be unwarranted by the other facts found.

The case is thrown open to be decided under the final paragraph of Part II, § 7, which provides that "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury," and Part V, § 2. *Newman's Case,* 222 Mass. 563, 568. *Fierro's Case,* 223 Mass. 378, 380.

There is a further finding that the minor children of the deceased were totally dependent upon him for support. For the reasons stated at length in *Derinza's Case, ante,* 435, this finding cannot be supported.

It follows that there are such substantial errors on this record as to require a reversal of the decree. The case must be remanded to the Industrial Accident Board for further hearing upon the question of the extent of actual dependency.

*So ordered.*