JOHN DEVINE'S (dependent's) CASE.

Bristol. October 25, 1920. — January 4, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Procedure: hearing by single member of board, rehearing, appeal. *Constitutional Law*, Due process of law, Inviolability of contracts. *Statute*, Amendment.

Although participation in the provisions as to compensation in the workmen's compensation act is voluntary and not compulsory, the procedural portions of the act do not become a part of the contract of employment so as to become constitutionally unchangeable by the General Court with relation to past events.

The committee on arbitration, constituted by § 6 of Part III of the workmen's compensation act, was a purely administrative tribunal and constituted no part of the substantive rights conferred by the act upon any of its beneficiaries.

The amendment of the workmen's compensation act contained in St. 1917, c. 297, abolishing the committee on arbitration and providing in substance that, where

parties failed to agree, the Industrial Accident Board might assign the case for hearing by a member of the board, was an amendment relating solely to procedure and not affecting any substantial right of employer, employee or insurer.

No constitutional right of a widow of an employee claiming compensation under the workmen's compensation act by reason of his death, which she alleged resulted on October 18, 1917, from injuries received on May 14, 1917, was impaired by the enactment on May 24, 1917, of St. 1917, c. 297, described above, nor by her claim being referred thereunder for hearing by a single member of the Industrial Accident Board instead of by a committee on arbitration appointed under § 6 of Part III of the act as amended by St. 1912, c. 571, § 11, which was in force at the time the alleged injury occurred.

In a claim under the workmen's compensation act by a widow of an employee whose death on an October 18 was alleged to have been caused by injuries received by him on the preceding May 14, a finding by a single member of the Industrial Accident Board and by the board, that the employee's death "was not due to or related to a personal injury which arose out of and in the course of his employment," is not contrary to nor necessarily inconsistent with an agreement by the parties at the hearing, that the employee "received a personal injury arising out of and in the course of his employment on May 14" and that he was paid compensation at the rate of $6 per week up to September 16.

Under § 10 of Part III of the workmen's compensation act, as amended by Sts. 1912, c. 571, § 13; 1917, c. 297, § 6, the granting of a motion for a rehearing of a claim upon any question of fact is a matter of discretion.

Upon an appeal from a decree of the Superior Court dismissing a claim for compensation under the workmen's compensation act following a denial, both by the Superior Court and by the Industrial Accident Board, of a motion by the claimant, supported by affidavits as to additional evidence, for a general rehearing of the case, it was *held* that the record failed to show that there had been any abuse of discretion in the denial of the motion, and that it could not be said that the discretion was not wisely exercised.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of decisions, hereinafter described, by the Industrial Accident Board relating to a claim by Margaret Devine, widow of John Devine, for compensation owing to his death alleged to have resulted on October 18, 1917, from an injury received on May 14, 1917, and to have arisen out of and in the course of his employment by Granite Mills.

The claim was assigned by the board to a single member for hearing under the amendment to the act contained in St. 1917, c. 297, §§ 5, 6. "It was agreed that John Devine, the deceased employee, received a personal injury arising out of and in the course of his employment on May 14, 1917; that his average weekly wages were $9, and that he was paid compensation at the rate of $6 per week up to September 16, 1917." The single member of the board found: "The death of the employee, on October 18,

1917, was not due to nor related to a personal injury which arose out of and in the course of his employment by the subscribers. . . . All the evidence leaves it as unlikely and improbable that the employee sustained a personal injury to the elbow on May 14, or that there is any casual [causal] connection between the condition which caused the employee's death and a personal injury arising out of and in the course of his employment."

After the filing of the decision of the single member with the board in accordance with § 7 of St. 1911, c. 751, Part III, as amended by Sts. 1912, c. 571, § 12; 1917, c. 297, § 4, the widow claimed a review by the board under § 10 as amended by Sts. 1912, c. 571, § 13; 1917, c. 297, § 6, and also filed with the board a "request for a rehearing" based on various grounds and supported also by affidavits as to "new evidence."

The Industrial Accident Board denied the motion for a rehearing, adopted and confirmed the findings of the single member and decided that the claim for compensation be dismissed.

In the Superior Court, the widow moved that the case be recommitted to the Industrial Accident Board "for one of the following purposes:

"1. To hear the parties and their witnesses and their evidence on the issue in regard to whether the employee's death was due to a personal injury arising out of and in the course of his employment.

"2. To hear the newly discovered witnesses and evidence of the widow on that issue and such witnesses and evidence as the insurer desires to offer on said issue.

"3. To send the case to be tried by a committee on arbitration according to the law as it was on the date of the accident.

"(If either the first or second is ordered, the widow will waive the objection based on the ground that the trial before a single member of the Industrial Accident Board was illegal.)"

The motion was heard by *Hammond, J.* He found that the record was not clear as to one aspect of the case, in that the Industrial Accident Board, while finding that the death of the employee "was not due to or related to a personal injury which arose out of and in the course of his employment," had nowhere dealt with a particular contention of the widow that the insurer's evidence would warrant a finding that the injury to the back of

the employee, concededly sustained on May 14, 1917, "lit up" an old diseased condition of the backbone and caused a general infection which produced septic pericarditis and thus caused his death; and that neither the single member nor the board had made any specific findings of the subsidiary facts relating to this claim. The judge accordingly made an order that the case be "recommitted to the Industrial Accident Board for the purpose of permitting the petitioner to move that specific findings be made with reference to her claim that the death of the employee was caused by aggravating or accelerating through the strain to his back due to the accident the consequences of a pre-existing diseased condition. If such motion is allowed and further findings made, the board may consider the case anew, and may if it sees fit permit the introduction of further evidence upon this branch of the case. This order of recommittal is made for the purpose above stated and not for the purpose of requiring the board to hear further evidence except as it may choose to do so." Upon the recommittal, the board found "that the death of the employee was not caused by aggravating or accelerating through the strain to his back due to the accident the consequences of a pre-existing diseased condition."

Accordingly, in the Superior Court by order of *Cox, J.*, a decree was entered dismissing the claim; and the widow appealed.

*C. R. Cummings*, (*J. W. Nugent* with him,) for the widow.

*H. S. R. Buffinton*, for the insurer.

RUGG, C. J. This is an appeal from a decree of the Superior Court confirming a finding of the Industrial Accident Board to the effect that the death of John Devine, an employee under the workmen's compensation act, was not due nor related to a personal injury which arose out of or in the course of his employment, and dismissing the claim of his widow for compensation. The deceased employee is alleged to have received on May 14, 1917, the injury from which his death resulted. At that time it was provided by the act that in case of disagreement between the parties concerning compensation, a committee on arbitration should be formed to decide the matters in dispute. That committee was to be composed of a representative appointed by each of the respective parties and its chairman was to be a member of the board designated for that purpose. St. 1911, c. 751, Part III, §§ 6 and 7,

as amended by St. 1912, c. 571, §§ 11 and 12. These provisions were changed by St. 1917, c. 297, which was approved on May 24, 1917, and took effect on June 23, 1917, whereby the committee on arbitration was eliminated and its functions were transferred to a single member of the board. By the same statute the membership of the board was increased from five to seven, although now reduced to six. See St. 1919, c. 299, § 3; G. L. c. 24, § 2. The hearing and decision of the dependent's claim in the case at bar was had before a single member in accordance with St. 1917, c. 297.

1. The dependent now contends that this hearing and decision should have been by a committee on arbitration in accordance with the statute in force at the time of the alleged injury, and that the single member had no jurisdiction, although St. 1917, c. 297, was in force at the time the hearing occurred.

This point was raised for the first time by motion to recommit made in the Superior Court after adverse decisions by the single member and by the full board on appeal. It is assumed, but without so deciding, that the point thus raised, if sound, would affect the jurisdiction of the court and hence may be taken advantage of in this proceeding at any time before final decree. *Corcoran* v. *Higgins*, 194 Mass. 291. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 50.

This contention of the dependent cannot be supported. St. 1917, c. 297, relates wholly to procedure and affects no substantial rights of the employer, employee or insurer. The general purpose of the workmen's compensation act was to substitute in cases to which it is applicable, for common law or statutory rights of action and grounds of liability, a system of money payments, based upon the loss of wages, by way of relief for workers or dependents of workers who receive injury in the course of and arising out of their employment. As stated in the "Report of the Commission on Compensation for Industrial Accidents" submitted in 1912, which framed the act adopted by the Legislature (without change except in Part V, § 3, whereby all liability insurance companies were granted the same privileges as the Massachusetts Employees' Insurance Association in the matter of insuring), at page 46, — "The Massachusetts law may be briefly characterized as an elective compensation insurance law giving

compensation for all injuries arising out of employment irrespective of negligence except those due to the serious and wilful misconduct of the injured employee. The basic principle of the act is that the cost of the injuries incidental to modern industry should be treated as a part of the cost of production. The act was framed with that end in view." The payments provided by the act are founded simply upon such injury and have no relation to any theory of fault on the part of the employer or right on the part of the employee either in tort or contract established by law prior to the passage of the act. All payments are by way of financial relief for inability to earn wages, or for deprivation of support flowing from wages theretofore received. The word "compensation," in the connection in which it is used in the act, means the money relief afforded according to the scale established and for the persons designated by the act, and not the compensatory damages recoverable in an action at law for a wrong done or contract broken. *Derinza's Case*, 229 Mass. 435, 441. The employee takes no part in the contract for insurance which is made solely by the employer and the insurer in accordance with the terms of the act. He has no active relation to it unless and until he receives a personal injury arising out of and in the course of his employment. The rights of the employee under the act rest neither in negligence nor contract. They arise wholly out of the workmen's compensation act. That act establishes a status for those subject to its provisions from which flow certain obligations and rights for employer, employee and insurer. Those obligations and rights, so far as the employee is concerned, are susceptible of enforcement exclusively through the procedure set forth in the act. That procedure is direct and flexible but peculiar to the act. It is neither an action at law nor a suit in equity. Certain features of practice concerning cases arising under the workmen's compensation act resemble in the main equitable procedure, *Gould's Case*, 215 Mass. 480, but they are not suits in equity. The forms of that procedure, like other statutes of that character, may be changed from time to time by the Legislature without affecting the constitutional rights of the employee. Whether the claim for compensation be heard and decided in the first instance by a committee on arbitration, the chairman of which is a member of the board, or by a single impartial individual who is a member of the board, is a

pure matter of procedure affecting no substantial right either of the deceased employee or his dependents. The amount to be paid under the act is in no way influenced by the change wrought by St. 1917, c. 297. The right to have an arbitration committee in case occasion arose for the ascertainment of compensation under the act formed no part of the contract of employment. It was wholly a legislative regulation of the means furnished by the law as a step in the ascertainment of the material facts in case a claim for compensation was made under the act. Although our act is voluntary and not compulsory, the procedural portions of the act do not become a part of the contract of employment so as to become constitutionally unchangeable by the General Court. See *Young's Case,* 218 Mass. 346, 350. The committee on arbitration and the Industrial Accident Board are purely administrative tribunals created solely to administer the workmen's compensation act in aid to the courts. *Levangie's Case,* 228 Mass. 213. They constitute no part of the substantive rights conferred by the act upon any of its beneficiaries, but like other such tribunals may be changed at will by the Legislature.

That the amendment of the act made by St. 1917, c. 297, is procedural, not affecting rights of substance, is plain not only from examination of its terms in connection with their context in the act, but from the fact that the sections to which it relates are under Part III of the act, which is entitled "Procedure." It is clear from this circumstance that it was the legislative intention thereby to deal with procedure alone. *Bartoni's Case,* 225 Mass. 349, 354.

The case at bar in this particular is within the authority of many decisions. *Rogers* v. *Nichols,* 186 Mass. 440. *Selectmen of Amesbury* v. *Citizens Electric Street Railway,* 199 Mass. 394. *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273, 276. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. *Simmons* v. *Hanover,* 23 Pick. 188. *Hallowell* v. *Commons,* 239 U. S. 506. *Ay-Yu-Tse-Mil-Kin* v. *Smith,* 194 U. S. 401. *Campbell* v. *Iron-Silver Mining Co.* 27 C. C. A. 646; 83 Fed. Rep. 643. See in this connection *Wilson* v. *Head,* 184 Mass. 515; *Yeomans* v. *Heath,* 185 Mass. 189.

It was held in *Commonwealth* v. *Phelps,* 210 Mass. 78, after reviewing many decisions, that a statute enacted after the com-

mission of a capital offence was not void as an *ex post facto* law because its effect was to provide that one in place of two or more judges should preside at the trial of the defendant before a jury. In principle that case is decisive of the case at bar upon this point.

It seems plain to us that no constitutional right of the employee or of his dependent was in the slightest impaired by the enactment and enforcement of St. 1917, c. 297.

2. No discussion is required to demonstrate that the agreement of the insurer, to the effect that the employee received an injury on May 14, 1917, for which compensation was paid, had no reference whatever to the contention of the insurer that the cause of the employee's death was something wholly unconnected with that injury. The decision of the board was not contrary to any agreed fact.

3. The case was fully heard by the single member and his decision was that there was no causal connection between the death of the employee and the injury which arose out of and in the course of his employment. When the cause came on to be heard before the board on review, the dependent moved for further hearing on the merits supporting that motion with affidavits as to additional evidence. This motion was denied and the decision of the single member was affirmed. Motion was made by the dependent in the Superior Court that the cause be recommitted to the board for a new hearing with additional evidence on the merits. That motion for a general rehearing was denied. In this there was no reversible error. It is provided by the act, Part III, § 10, as amended, that "No party shall as a matter of right be entitled to a second hearing upon any question of fact." The implication of this sentence is that commonly there shall be no rehearing. There is no doubt of the power of the court to send a case back for further hearing when justice seems to require it. *Nelson's Case*, 217 Mass. 467. *Doherty's Case*, 222 Mass. 98. Both the Industrial Accident Board and a judge of the Superior Court have decided that in the present case there ought to be no rehearing. There is nothing on this record to show that there has been any abuse of discretion, and we are not able to say that it was not wisely exercised. *Fierro's Case*, 223 Mass. 378. *Bean's Case*, 227 Mass. 558. *Gorski's Case*, 227 Mass. 456.

4. The finding of the Industrial Accident Board manifestly

was supported by evidence and must stand. *Pass's Case*, 232 Mass. 515. No error of law is disclosed on the record.

*Decree affirmed.*