JOHN F. WARD'S (dependents') CASE.

Suffolk.    March 10, 1933. — March 28, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Appeal: waiver of right to appeal; Dependency; Amount of compensation; Recommittal to Industrial Accident Board; Findings by Industrial Accident Board. *Waiver.*

If, upon a certification to the Superior Court in proceedings under the workmen's compensation act, the attorney for the insurer, after hearing by a judge, presented to him two forms of decree, one in favor of the insurer and the other in favor of the claimant and the second was the one entered by order of the judge, there was nothing to show that the insurer thereby consented to the terms of the decree entered or that it thereby waived its right to appeal from such decree.

Evidence, in proceedings under the workmen's compensation act, that the parents of a deceased employee lived with his three adult sisters and were dependent for their support upon a household fund to which the sisters together contributed $26 weekly and to which the employee, who lived in another place, also made weekly contributions, the parents contributing nothing, warranted findings by the Industrial Accident Board that the fund would not have been adequate for the support of the parents, in addition to providing board and living quarters for the sisters, if it had consisted only of the contributions made by the sisters and that the parents were partially dependent upon the employee.

In deciding the question of partial dependency above described, the members of the board had the right to use their practical knowledge and every day experience.

In the circumstances, it could not be said that a finding in the proceedings above described, that the amount contributed by the employee to the support of his parents in the year preceding his injury was a

certain amount, was wholly unsupported by evidence if that amount was reached by determining the sum by which the total expenses of the household exceeded the amount contributed by the sisters and by taking that balance to be the contribution made by the employee towards the support of his parents; but such finding was not warranted if it was reached in whole or in part by taking as the employee's contribution an arbitrary percentage of his earnings for said year.

Upon appeal by the insurer from a decree awarding compensation to the parents in the proceedings above described, this court, being in doubt on the record as to which of such bases was the one on which the board rested their finding as to the amount of the employee's contribution, ordered the case recommitted to the board for a statement as to the basis of the finding, but not for the hearing of further evidence, the case having been fully heard by the board.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings of fact, and proceedings before the board, are described in the opinion. By order of *Whiting*, J., a decree in accordance with the decision by the board was entered. The insurer appealed. The claimants filed in this court a motion to dismiss the appeal, as described in the opinion.

*G. Gleason*, for the insurer.

*F. J. Smith*, for the claimants.

DONAHUE, J. The employee died as the result of injuries arising out of and in the course of his employment. His father and mother claimed partial dependency and the final decree, based upon the findings and decision of the Industrial Accident Board, establishes a liability of the insurer to pay to the parents a weekly compensation of $2.37 for five hundred weeks, one half of this sum to be paid to the father and one half to the mother. The claimants filed in this court a motion to dismiss the insurer's appeal on the ground that the decree appealed from was entered in the Superior Court on motion of the insurer. Assuming as they assert that they had no opportunity to present the motion here made to the judge of the Superior Court and assuming that the attorney of the insurer after the hearing there presented to that judge two forms of decrees, one in favor of the insurer and the other that

which was entered, we see nothing in the claimants' contention that the insurer lost its right of appeal. The decree entered in favor of the claimants did not purport to be, nor under the circumstances assumed could it be found to be, a decree to the terms of which the insurer consented or a waiver of the insurer's right to appeal.

On appeal the insurer makes only two contentions: (1) that there was no evidence of dependency and (2), if it should be held to the contrary, that there was no evidence on which the amount contributed by the employee toward the support of his parents could be found.

The employee was unmarried and lived in Boston. His father and mother and three adult sisters lived in Taunton. The father had not worked for two years and the mother was in ill health. Neither contributed anything to the expense of running the household. The three sisters were employed and they contributed toward those expenses out of their earnings the aggregate sum of $26 weekly. One of the sisters, who since her mother's illness had acted as treasurer of the home, testified that the employee also made weekly contributions. The fund thus created was used by her to pay for the rent, food, insurance, electric light, gas, heat, for clothing for the father and mother and for medical expenses. Under this arrangement the father and mother received their food, shelter and clothing. They were dependent upon the family fund for this support. We think that the evidence warranted a finding by the board that the fund in addition to providing board and living quarters for the other members of the household would not have been adequate for the support of the parents if it consisted only of the contributions made by the three sisters. In passing upon a question of this sort a fact finding tribunal like the Industrial Accident Board has the right to use the practical knowledge and every day experience of its members. *Walsh's Case*, 227 Mass. 341, 344–345. *O'Reilly's Case*, 265 Mass. 456, 458. *Carmossino's Case*, 268 Mass. 35, 38. See *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. If the board found as a fact that the weekly fund must have been larger than

$26 in order to provide the parents with the support which they in fact received, and further found that the employee also contributed to the fund, the conclusion that the claimants were partially dependent upon the employee was justified.

In the case of partial dependency upon the earnings of an employee the insurer is required to pay "a weekly compensation equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury." G. L. (Ter. Ed.) c. 152, § 31, lines 38–44. There is in the present case no difficulty with respect to two of the three necessary elements of the statutory formula for computing the weekly compensation, which must be established before that formula can be applied. The insurer does not now question the correctness of the findings that the amount of the annual earnings of the employee at the time of the injury was $396.50, that the employee's average weekly wages were $7.63 and that under the statute the weekly payment required if there were a person wholly dependent upon the employee would be $5.09. A question arises, however, as to the third essential factor, namely, the amount contributed from his earnings by the employee for the support of the partial dependents. The statutory provision furnishes the only method for computing the amount of weekly compensation in the case of partial dependency. "If the facts do not furnish sufficient data to make such computation, then under the act there can be no compensation." *Hassan's Case*, 240 Mass. 355, 357.

A sister of the employee testified that, in the year preceding the injury, he, with substantial regularity paid her on an average about $10 or $15 a week for the common fund out of which the parents received their support. There was no other testimony that he made any payments for their support. The board might have accepted the sister's testimony that the employee made contributions to the family fund and rejected her testimony as to the amount of such

contributions. *Klayman* v. *Silberstein*, 252 Mass. 275, 278, and cases cited. There were two hearings before a single member of the board. At the close of the first hearing he found that the annual earnings of the employee amounted to $321.50 and that the employee contributed to the support of his dependent parents in the year preceding his injury $150. He applied the statutory rule and found that the sum of $1.92 weekly was due the dependents. We think that if this were all there were to the case, the finding as to the amount contributed by the employee toward the support of his dependent parents could not be pronounced wrong. We could not say that it was wholly unsupported by evidence if that amount had been reached by determining the sum by which the total expenses of the household exceeded the amount contributed by others and by taking that balance to be a contribution made by the employee to provide support for his father and mother. But upon recommittal for the reception of further evidence there was another hearing before the single member at which additional evidence was received to the effect that the employee's annual earnings were $75 more than earlier found. He then made another finding. He found that the annual earnings of the employee were $396.50 instead of $321.50 as originally determined, and that because of the increase in the amount of the earnings by the sum of $75 the finding of the amount of the contributions by the employee should be "proportionately increased" from $150 to $185. In each finding the amount of the employee's contributions seems to be the same per cent of the annual earnings. We find nothing in the record which would warrant finding as a fact the amount of the employee's contribution on the basis of a percentage of his earnings. We are in doubt whether the board rested the ultimate finding of the amount of the contributions made by the employee upon the evidence which if believed would permit the inference that the excess of the expenses of the household over the amount contributed by the sisters came from the employee's earnings or whether that ultimate finding rests in whole or in part upon an arbitrary percentage of those earnings. If

that ultimate finding is based on such an inference the decree entered was proper, otherwise it was not. By reason of the uncertainty appearing in the record, justice requires the exercise by this court of its power to recommit a case to the Industrial Accident Board. *Nelson's Case*, 217 Mass. 467. *Doherty's Case*, 222 Mass. 98, 101. *Fierro's Case*, 223 Mass. 378. *McDonald's Case*, 229 Mass. 454. See also *Sciola's Case*, 236 Mass. 407, 414; *Lopes's Case*, 277 Mass. 581, 585, 586. There has been a full hearing of the case and the parties are not entitled to have further evidence received. *Gorski's Case*, 227 Mass. 456, 462. What is needed is the addition to the findings of the board of a statement of the evidential basis of its determination of the amount of the employee's contribution to the support of his dependents. The decree must be reversed and the case is to be recommitted to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

*So ordered.*