## ALI HASSAN'S (dependents') CASE.

Middlesex.    October 10, 1921. — February 27, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, Dependency.

The widow and children, living in Syria, of a man who in 1912 left them there upon a farm owned by him and came to this country where in 1919 he met his death while in the employ of a subscriber within the provisions of the workmen's compensation act, cannot be conclusively presumed under St. 1911, c. 751, Part II, § 7(*a*), as amended by St. 1914, c. 708, § 3, to have been totally dependent upon the employee, since they did not live with him; and, where it appears that their sole means of support was the sustenance derived from the farm by their own work and some money sent to them by the employee until 1916, and that after 1916 he had sent them no money, it cannot be determined as a fact, under the last clause of subdivision (c) of the section above described, that they were totally dependent upon him at the time of his death.

In the provisions of St. 1911, c. 751, Part II, § 6, as amended by St. 1914, c. 708, § 2, reading as follows: "If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the association shall pay such dependents a weekly compensation equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury," "the annual earnings of the deceased at the time of his injury" and "the amount contributed by the employee to such partial dependents" refer to the same period of time.

Where, for more than two years preceding the death in April, 1919, of an employee within the provisions of the workmen's compensation act, the employee had sent no money to his wife and children, who during that time were living in Syria and were deriving their support by their own work from a farm owned by him, they cannot be found to have been partially dependent upon him for support under St. 1911, c. 751, Part II, § 6, as amended by St. 1914, c. 708, § 2, although the employee had paid $500 to an exchange agency within twelve months before his death in an attempt to forward it to them, which attempt was unsuccessful by reason of the condition of international affairs attendant upon the world war, so that the money was returned to him.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board dismissing a claim of the widow and children of Ali Hassan, who met his death on April 28, 1919, while he was an employee of Brookfield Company.

The case was heard by the board solely on the question of

dependency. Material facts found and agreed to are stated in the opinion. In the Superior Court, the case was heard by *Lummus*, J., by whose order a decree was entered in accordance with the decision of the board; and the claimants appealed.

The case was submitted on briefs.

*L. T. Trull, F. N. Wier & J. M. O'Donoghue,* for the claimants.

*G. Gleason,* for the insurer.

RUGG, C. J. The deceased, an employee within the meaning of the workmen's compensation act, received fatal injuries in the course of and arising out of his employment on April 28, 1919. He came to this country in 1912 from Syria, where he left his wife and three minor children upon a farm owned by him. The wife and children have remained upon this farm and have had no other means of support except the sustenance derived from it by their own work and the money sent them by the employee, who had no income except his wages. Between his arrival in this country and 1917 he sent various sums of money to his wife, aggregating $850. He actually sent no money to his wife or children after 1916, except that during the twelve months before his decease "he attempted to send $500 to his wife in Syria, that is, he paid the $500, out of which was taken $15 as the charge of transmission," to an exchange agency, "directing that the same be forwarded to his wife in Syria." The condition of international affairs rendered impossible the sending of this money and it was returned to the employee, who deposited it in a local bank.

The single member and the board rightly ruled that on these facts the widow and children could not be conclusively presumed to be totally dependent upon the employee, *Nelson's Case,* 217 Mass. 467, *Gorski's Case,* 227 Mass. 456, and could not be found in fact to be totally dependent upon him, *Derinza's Case,* 229 Mass. 435.

There was a finding of partial dependency. Whether there can be any award of compensation on that finding depends upon the construction of these words in St. 1911, c. 751, Part II, § 6, as amended: "If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the association shall pay such dependents a weekly compensation equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed

by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury." This section affords the sole guide for the computation of compensation under the act. If the facts do not furnish sufficient data to make such computation, then under the act there can be no compensation. The elements for this computation are "the annual earnings of the deceased at the time of his injury" and "the amount contributed by the employee to such partial dependents." By necessary intendment of the statute the amount so contributed must refer to the same period as the earnings. *McMahon's Case*, 229 Mass. 48. The "annual earnings" in appropriate instances may be ascertained by reference to the "twelve calendar months immediately preceding the date of injury." *Freeman's Case*, 233 Mass. 287. Average weekly wage is to be ascertained in the same way. The amount contributed must mean a contribution from the annual earnings; that is to say, contributions made during the year. During that period the deceased contributed nothing to his wife and children. The attempt to forward money was utterly ineffectual. The title and the possession of the money reverted to him. An unexecuted intention to contribute is not the equivalent of an amount contributed. The only factor of the problem recognized by the act is the amount actually contributed. Since that factor confessedly cannot be supplied, there can be no recovery.

*Decree affirmed.*