PATRICK J. BARRY'S CASE.

Suffolk.    November 29, 1921. — February 28, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Procedure: motion for continuance before Indus-
trial Accident Board, filing of claim, appeal; Jurisdiction.  *Jurisdiction.*

Upon an appeal by the insurer in a proceeding under the workmen's compensation
    act from a decree of the Superior Court in accordance with a decision of the
    Industrial Accident Board adopting findings and rulings by a single member of
    the board and awarding compensation to the claimant, no question of law
    is presented relating to the propriety of a denial by the single member of
    the board of a motion by the insurer to continue the hearing by reason of
    the absence because of sickness of a physician who had been employed by the
    insurer to make an examination of the claimant, nor relating to a denial by
    the Industrial Accident Board of a motion by the insurer for a rehearing in
    order that the physician's testimony might be introduced, the record not dis-
    closing that any attempt had been made to take the testimony of the physician
    or that the claimant had refused to admit that, if present, the physician would
    testify in accordance with an offer of proof made by the insured.
If an employee fails to file a claim for compensation under the workmen's com-
    pensation act within the six months prescribed by the statute and such failure is
    not justifiable and is prejudicial to the insurer within the provisions of St. 1920,
    c. 223, § 2, the Industrial Accident Board has no jurisdiction to consider the
    claim, and in such circumstances jurisdiction cannot be conferred by express
    consent of the parties or by acts of estoppel.
By agreement in writing between an insurer and an employee, who received
    injuries within the provisions of the workmen's compensation act on June 11 of
    a certain year, the employee was paid compensation until the following No-
    vember 6, when it was discontinued by order of a single member of the board
    without prejudice to a hearing on the merits.  That hearing occurred on the
    following March 16, when the insurer for the first time contended that the em-
    ployee had not filed a claim for compensation.  A single member of the Indus-
    trial Accident Board found that the failure to file the claim earlier was due to
    mistake or other reasonable cause, in that the employee believed that the
    insurer would pay compensation for any incapacity resulting from the injury,
    and his finding was affirmed by the full board.  There was no finding by the
    single member or by the board that the insurer was not prejudiced by the
    delay of the employee in failing to file the claim for compensation.  Com-
    pensation was awarded by the board to the employee.  In the Superior Court
    a decree was entered that compensation be paid to the employee in accord-
    ance with the decision of the board.  The insurer appealed.  *Held*, that
        (1) The fact, that the insurer did not notify the employee until March 16
    that compensation would not be paid because of neglect to file the claim, was

not a mistake of fact nor reasonable cause for the failure of the employee to comply with the statute as to the filing of a claim within six months of the injury;

(2) The record disclosed no evidence warranting a finding that such failure was the result of mistake or other reasonable cause;

(3) Before taking jurisdiction of the claim, it should have been determined that under St. 1920, c. 223, § 2, the insurer was not prejudiced by the employee's delay in filing the claim, which had not been shown to have been justifiable.

(4) The decree of the Superior Court was reversed, and the case was recommitted to the Industrial Accident Board for further hearing on the question, whether the insurer was prejudiced by the delay in filing the claim, at which hearing either party was given leave to introduce further evidence.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board affirming and adopting certain rulings of a single member of the board described in the opinion, and his finding that, in the circumstances described in the opinion, the claimant, who was injured while in the employ of John J. Kelly and Company, was entitled to an average weekly compensation of $10 dating from November 6, 1920, and continuing subject to the provisions of the statute, the amount due to March 16, 1921, the date of the hearing, being $185.85.

Material facts appearing in the record are described in the opinion. In the Superior Court, by order of *Keating*, J., a decree was entered that the insurer "pay to the" claimant "such sum as may be due in accordance with the decision of the Industrial Accident Board" above described. The insurer appealed.

*C. L. Allen,* (*W. W. Jump* with him,) for the insurer.

*W. H. Watson,* for the claimant.

CARROLL, J. The employee was injured on June 11, 1920. He was paid compensation to November 6, 1920, when it was discontinued by order of a member of the Industrial Accident Board. At the hearing before another member of the board, it was found that the employee's earning capacity was reduced, and compensation for partial incapacity was awarded him from November 6, 1920, to March 16, 1921, to continue in accordance with the provisions of the act. The Industrial Accident Board affirmed and adopted these findings, and a decree was entered in the Superior Court in favor of the employee, from which the insurer appealed. No claim for compensation was filed until March 16, 1921.

At the hearing before the board member, the insurer requested a continuance on the ground that Dr. Adams, the physician for the insurer, was unable to appear because of illness; and at the conclusion of the hearing again made the request that the hearing be continued in order that Dr. Adams might testify. It now claims that it was an abuse of discretion on the part of the board member to deny it the opportunity to present the evidence of the physician, and also that it was error and abuse of discretion on the part of the Industrial Accident Board to deny its motion for a rehearing in order to introduce this evidence.

The refusal of the member to grant a continuance because of the absence of the witness presents no question of law. As was said in the recent case of *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, at page 16: "It was for the court to determine whether there had been due diligence in trying to secure the attendance of the witnesses or to procure their depositions or whether for any reason justice required a postponement. . . . Ordinarily the granting of a continuance is for the presiding judge alone." This principle is applicable to the case at bar. The record does not show that any attempt was made to take the deposition of the absent witness, or that the employee refused to admit that the witness would testify, as stated by the insurer; and there is nothing to indicate abuse of discretion in refusing to delay the hearing.

The single member found that the insurer made the usual written agreement to pay compensation, and thereafter paid in accordance with the agreement, until payment was discontinued without prejudice to a hearing on the merits; that on March 16, 1921, the date of the hearing, when the insurer claimed that the employee had not filed a claim for compensation, the employee then filed the claim; and that the failure to file the claim earlier was due to mistake or other reasonable cause, in that the employee believed that the insurer would pay compensation for any incapacity resulting from the injury.

A claim for compensation must be filed in accordance with the statute. It was held in *Levangie's Case*, 228 Mass. 213, that full performance of the conditions of the act is an essential prerequisite to the jurisdiction of the board, and its authority cannot be enlarged or diminished by express consent or waived by acts

of estoppel. The report discloses no evidence upon which it could be found that the failure to file the claim for compensation was the result of mistake or other reasonable cause. The fact that the insurer did not notify the employee until March 16, 1921, that compensation would not be paid because of neglect to file the claim, is not a mistake of fact nor reasonable cause for the failure to comply with the statute in this particular. It was the duty of the employee to file this claim, and no such mistake or reasonable cause is shown in the evidence which would excuse this delay. See *McLean's Case*, 223 Mass. 342; *Fierro's Case*, 223 Mass. 378; *Fells's Case*, 226 Mass. 380; *Gorski's Case*, 227 Mass. 456.

By St. 1920, c. 223, § 2, it was enacted that failure to make the claim for compensation shall not be a bar to the proceedings if it is found that it was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay. This statute was approved on March 30, 1920, and is applicable to the pending proceeding. See *Devine's Case*, 236 Mass. 588, 594, and *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. There was, however, no finding by the single member or by the board, that the insurer was not prejudiced by the delay of the employee in failing to file the claim for compensation. This question should be decided; and if it is found that the insurer was not prejudiced because of the delay, the employee should not be deprived of the compensation due him.

The result is that the decree must be reversed, and the case recommitted to the Industrial Accident Board for further hearing on the question, whether the insurer was prejudiced by the delay in filing the claim. At this hearing further evidence may be introduced by both parties.

*So ordered.*