## MILLERS' INDEMNITY UNDERWRITERS v. LANE et al. (No. 6766.)

(Court of Civil Appeals of Texas. San Antonio. May 24, 1922. Motion for Rehearing Stricken June 14, 1922.)

**1. Master and servant ⬳417(5)—Judgment for compensation held supported by special findings.**

In a suit under the Employers' Liability Act by an employé, dissatisfied with compensation awarded for injury to his arm, where the petition was broad enough to bring the case within Vernon's Ann Civ. St. Supp. 1918, art. 5246—18 as to total incapacity and within article 5246—19 as to partial incapacity, and the jury, answering special issues, found that plaintiff's incapacity was 100 per cent., and that no surgical operation or treatment could relieve the incapacity, the findings formed a sufficient basis for a judgment, under article 5246—18, for $15 a week for 200 weeks; the court having found that the injury was permanent.

**2. Master and servant ⬳417(4½)—Judgment for compensation held not open to attack for want of notice.**

Where an employé's suit under the Employer's Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) was filed in 12 days after the award, and the attorney for defendant insurance carrier waived issuance of citation and answered, the suit was notice of plaintiff's intention to not abide by the award; but, if not, the defendant, having waived citation and answered, would not be allowed to attack the judgment for want of 20 days' notice of intention to sue.

*On Motion for Rehearing.*

**3. Appeal and error ⬳833(4)—Motion for rehearing showing lack of respect, stricken from files.**

Where a motion for a rehearing evinced a spirit of intemperance and impatience under failure to impress certain views on the court, and such lack of restraint and respect as to merit extreme punishment, the motion will be stricken from the files.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by Albert Lane and others against the Millers' Indemnity Underwriters. From a judgment for plaintiffs, defendant appeals. Affirmed.

H. T. Cooper, of Fort Worth, for appellant.
Graves & Houtchens and C. F. Clark, all of Fort Worth, for appellees.

FLY, C. J. This is a suit, instituted under the provisions of the Employers' Liability Act of Texas (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), against appellant, by Albert Lane and the law firm of Graves & Houtchens, for damages arising from injuries inflicted upon Lane while in the service of the Riverside Cotton Oil Company, which was a subscriber and carried a policy of insurance with appellant. Graves & Houtchens were the attorneys of Lane, and claimed an interest in the suit by reason of their legal services. It was alleged that Lane filed his claim for damages before the Industrial Accident Board of the state of Texas, strictly following the requirements of the law, and upon a hearing an award was made, which was not satisfactory to appellees, and they filed this suit in the district court. The appellant filed general and special exceptions and a general denial, and also answered that a surgical operation would cure or materially and beneficially improve the condition of Lane, and that appellant had paid him $120, which was all the compensation to which he was entitled. The cause was submitted to a jury through special issues, and on the responses of the jury judgment was rendered in favor of appellees for $15 a week for a period of 200 weeks, beginning with September 28, 1919, or a total sum of $3,000.

The jury and court found that Lane was in the employment of the Riverside Cotton Oil Company, which was insured with appellant under the law; that on September 20, 1919, Lane sustained an injury to his left arm, that totally incapacitated such arm from use for 200 weeks; that such incapacity was 100 per cent.; that H. T. Cooper was an attorney for appellant on April 1, 1920, and prior thereto, and that said Cooper agreed with S. F. Houtchens, an attorney for Lane, to waive the issuance and service of citation in this suit; that a surgical operation on or medical treatment of the left arm of Lane would not cure nor materially and beneficially improve the same; that appellees had within 20 days after March 18, 1920, notified appellant that they would not abide by the award of the Industrial Accident Board, and would file suit on their claim. These findings are sustained by the facts, and are adopted as our conclusions of fact, with others that may be hereinafter indicated.

[1] Appellant has inserted two propositions after a statement of the nature and result of the suit, in the forefront of its brief, and in no manner indicates the assignment of error to which either of them is pertinent, and from which 15 assignments of error the propositions seem to have obtained a legal and permanent separation of all interests, possibly on the ground of incompatibility of temper and disposition. There seems to be a

desire to group the first 6 propositions, which with some difficulty we think we have ascertained are based on the first, second, third, fourth, fifth, and sixth assignments of error, although not absolutely certain on that point. All of the 6 propositions assail the action of the court in presenting the issues as to how many weeks Lane was incapacitated by his injury, because it was claimed by Lane that his left arm was permanently incapacitated from use, and there was no finding of permanent incapacity. The jury found that the incapacity caused by the injury was 100 per cent., which would amount, it would seem, to total incapacity; that no surgical operation or medical treatment could destroy or relieve such incapacity, which would seem to indicate a hopeless case of incapacity, not only for 200 weeks, but for the life of the injured man. The issues were pertinent and proper, and the answers of the jury form a sufficient basis for a judgment, under the terms of article 5246—18, Vernon's Rev. Stats. 1918 Supp. The court found that the injury was permanent, and all other necessary facts not found by the jury. Appellant made no request for the submission of any issues. The allegations of the petition were broad enough to bring the case within the purview of article 5246—18, as to total incapacity, and within the terms of article 5246—19, as to partial incapacity, and if the answers of the jury did no more than find partial incapacity for 200 weeks, that would form sufficient basis for the judgment.

[2] Through the seventh, eighth, ninth, and tenth propositions, it is contended that there was no notice issued by appellee, Lane, of his intention to not abide by the award of the Industrial Accident Board, and that there was no proof that H. T. Cooper was the attorney for appellant on or about April 1, 1921, and authorized to waive notice for appellant. S. F. Houtchens, an attorney for appellee Lane, swore that he addressed a letter and mailed it to appellant, on March 28, 1920, less than 20 days after the board's award, in which appellant was notified that appellees would not abide by such award. On March 29, 1920, Houtchens testified that he sent a registered letter to the same effect to appellant, and that a return receipt, signed by its office boy, was returned, showing the delivery of the letter containing the notice. Houtchens also testified that he filed this suit on April 1, 1920, and, within a day or two thereafter, Mr. H. T. Cooper, an attorney for appellant, waived the issuance and service of citation. The evidence showed that Cooper was the attorney for appellant before the time the issuance and service of citation was waived by him, and was afterwards, in connection with this claim for damages, and the jury was justified in finding that he was the attorney of appellant from the time he was employed in the fall of 1919 to investigate the case of Albert Lane until the final termination of this suit. Cooper was the attorney of the appellant in the early days of April, 1920, and waived for it the issuance and service of citation to his client. Only a few days afterward he filed an answer for appellant in this case, and by April 21, 1920, had filed three different answers. The suit was filed in 12 days after the award was made, and that was sufficient notice to appellant; but, if it was not, appellant knew the suit would be brought, knew it was brought, waived issuance of citation, and answered fully in the case. Appellant will not be allowed to evade the liability it assumed for injuries resulting to the employee upon technicalities which have no semblance of right or justice to sustain them.

The judgment is affirmed.

### On Motion for Rehearing.

[3] The spirit and temper shown by the attorney who prepared this motion is unworthy of the great profession of the law, which at all times teaches a due respect on the part of members of the bar for the legally constituted courts of state and nation. The motion evinces a spirit of intemperance and impatience under failure to impress certain views upon a judicial tribunal and such a lack of restraint and respect as to merit extreme punishment, and the leniency of this court will not form a precedent, should such conduct ever occur again by this offender against the amenities which should characterize the practice of attorneys, or any one else. This court invites just and proper criticism from attorneys practicing before it, who may feel aggrieved by its decisions, but it demands and will have the courteous conduct which should obtain, and which a large majority of the bar give freely and without compulsion to the courts. A repetition of such uncalled for and discourteous language as is contained in this motion will call for and receive the extreme punishment authorized by law. No such document is fit to find a place among the records of a court, and the motion for rehearing will be stricken from the files; the only regret being that a luckless client should receive punishment due an offense for which he is not responsible. Batson v. Faulk, 109 Tex. 480, 211 S. W. 972.