(No. 16044.—Judgment reversed.)

THE NORTHWESTERN MALT AND GRAIN COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (GORDON A. RAMSAY, Admr., Defendant in Error.)

*Opinion filed October 28, 1924.*

1. WORKMEN'S COMPENSATION—*claim for compensation under section 24 of Compensation act must be made by party interested or his agent.* The claim for compensation required to be made within six months after the accident, under section 24 of the Compensation act, must be made by the party entitled thereto in person, or by some person who is authorized, as agent or attorney, to make such demand, and a demand made by one who is purely a volunteer is not binding on the employer.

2. SAME—*demand for compensation under section 24 of Compensation act is jurisdictional.* Under section 24 of the Compensation act the demand for compensation by the proper claimant is jurisdictional and if not made within the time required the claim for compensation is barred.

3. SAME—*when administrator's claim is barred for want of demand by proper party.* Where an employee dies from his injuries and leaves a wife and child who reside in a foreign country, the employee's boarding-house keeper is not authorized to make the demand for compensation required by section 24 of the Compensation act, where she was in no way related to the parties entitled to compensation; and her demand for money with which to bury the employee is not sufficient to support the subsequent claim of the public administrator for compensation.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

WILLIAM GREENE, and H. L. HOWARD, for plaintiff in error.

HENRY POLLENZ, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The superior court of Cook county entered an order confirming the award of the Industrial Commission in favor of Gordon A. Ramsay, administrator of the estate of John Wroblewski, deceased, for $3750, against the Northwestern Malt and Grain Company, as compensation for the accidental death of Wroblewski while in the employ of the company. This court has granted a writ of error to review the order and judgment of the court.

The facts in the record are substantially the following: Deceased, John Wroblewski, sustained injuries on May 18, 1920, while working for plaintiff in error. He died of his injuries May 25, 1920, leaving him surviving a widow and one child under the age of sixteen years, both of whom resided in Poland. Wroblewski boarded at the home of Katherina Korys about two years before his death. Mrs. Korys knew deceased for about six years. An inquest was held upon the body of Wroblewski a day or two after his death. Mrs. Korys testified at the inquest and furnished the coroner with the names of the widow and the child and its age and the foreign address. A few days after Wroblewski was buried Mrs. Korys called at the plant of the company and there had a conversation with Moline, the chief engineer of the company, and Blackmer, its general superintendent. She advised them that she had attended to the burial of Wroblewski and was entitled to some money for the burial. She asked who was going to bury the man and who was going to pay for the funeral expenses. Moline replied: "Don't be afraid; just go on and bury the man; the insurance company will pay for all this." Moline fur-

ther said to her that the money coming to the deceased belonged to the wife and child, and that she could not get that money and could only get what was coming to her. She further stated in her testimony that she went there after the checks that were due for the wages of the deceased, and that she asked the employees aforesaid who was going to pay for the burial of the deceased and what the wife and child were going to get. She spoke very broken English and it was rather difficult to get from her the exact conversation that she had with Moline and Blackmer, but we have stated the facts in the record as favorably to the defendant in error as the evidence in the record will permit. There was no proof in the record or claim that Mrs. Korys had any authority from the widow or child or the administrator of the deceased to represent them or make any claim or demand in their behalf. There was no proof of any demand or claim made for compensation by the administrator or by the widow and child. The claim for compensation was not filed until November 28, 1921,—almost eighteen months after the death of the deceased,—and there was no payment of compensation made to the administrator or to the widow or child, and the record does not even show payment of burial expenses to anyone by the company. It is admitted that plaintiff in error had notice of the accident.

The sole defense made by plaintiff in error before the commission and before the superior court was, (1) that there was no evidence that a claim for compensation was made within six months, as required by the Compensation act; and (2) that a claim made by a volunteer on behalf of parties entitled to compensation is not a claim or demand made by such parties so entitled and is not binding on the employer.

Section 24 of the Compensation act provides that no proceedings for compensation under the act shall be maintained unless notice of the accident has been given to the

employer as soon as practicable, but not later than thirty days after the accident. In case of mental incapacity of the employee notice must be given within six months after such action. No proceedings for compensation under the act shall be maintained unless claim for compensation has been made within six months after the accident, or, in the event that payments have been made under the provisions of the act, unless written claim for compensation has been made within six months after such payments have ceased and a receipt therefor or a statement of the amount of compensation paid shall have been filed with the commission.

While this section of the act does not in specific terms state that the claim for compensation must be made by the injured party or the person entitled to compensation, we think the statute, if given a reasonable construction, must be interpreted as providing that the claim for compensation must be made by the party entitled to the compensation in person, or by or through some person who is authorized, as the agent or attorney of such party, to make such demand, and that a demand made by one who is purely a volunteer, and without authority of the injured party or the person entitled to compensation, is not such a demand as can be recognized as legal and binding upon the employer who is to pay the compensation. The last proviso of this section, when considered, strengthens or adds weight to this conclusion. This proviso is, that no employee who after the accident returns to the employment of the employer in whose services he was injured shall be barred for failure to make such claim if an application for adjustment of such claim is filed with the Industrial Commission within eighteen months after he returns to such employment. This proviso clearly indicates, when considered with the rest of the section, that the employee is to make the claim or demand for compensation previously mentioned in the section. It was decided in the case of *Western Indemnity Co.* v. *Industrial Accident Com.* 35 Cal. App. 104, that even where

suit is brought by an attorney in behalf of the party entitled to compensation living in a foreign country there must be some proof of the authority to act, and that an unauthenticated letter is not sufficient proof of the authority of the attorney. If courts did not hold that a demand made by a volunteer, simply, was not a sufficient demand, they would by their action authorize any intermeddler having no interest in the world in the case or right to compensation to act for the rightful party interested and thereby bind the employer, which would, in effect, render the provision of the statute for demand nugatory. It would establish the principle or rule that a demand for compensation is a demand by anyone, whether he has a right to make a demand or otherwise.

It has been thoroughly established by the decisions of this court that the demand for compensation by the proper claimant is jurisdictional and that if not made within the time required by the Compensation act the claim for compensation is barred. (*Haiselden* v. *Industrial Board,* 275 Ill. 114; *Central Car Works* v. *Industrial Com.* 290 id. 436.) In the case of *In re Gorski,* 227 Mass. 456, the Supreme Court of Massachusetts held that neither ignorance of the law nor absence from the country constitutes reasonable cause for failure to make demand for compensation within the time required by the act. We think this is good law, and we are compelled to hold in this case that the administrator's claim for compensation is barred for want of demand as required by the statute. In this case Mrs. Korys was a mere volunteer. She was in no way related to the parties entitled to compensation and was not authorized to make demand in this case.

The judgment of the superior court is reversed.

*Judgment reversed.*