**EMPLOYERS' LIABILITY ASSUR. CORPORATION, Ltd., v. FRANCIS et al.**
**(No. 8978.)**

Court of Civil Appeals of Texas. Galveston.
April 7, 1927.

On Motion for Rehearing June 9, 1927.

On Second Motion for Rehearing July 23, 1927.

1. **Master and servant ⬤⟹417(4½)—Allegation that notice of injury was "duly and in due form" filed held to allege filing within prescribed time (Vernon's Ann. Civ. St. 1925, art. 8307, § 4a).**

In suit to set aside ruling of Accident Board denying compensation, allegation that notice of injury was "duly and in due form" filed *held* sufficient to allege filing within time required by Vernon's Ann. Civ. St. 1925, art. 8307, § 4a, without setting out facts showing good cause for not having filed within 6 months, as required by statute.

2. **Master and servant ⬤⟹417(4½)—Service of citation on insurer within 20 days after Accident Board's decision held sufficient notice of claimant's refusal to abide by decision (Workmen's Compensation Act, pt. 2, § 5 [Vernon's Ann. Civ. St. 1925, art. 8307, § 5]).**

Where suit to set aside ruling of Accident Board denying compensation was filed and service of citation had on insurer within 20 days after decision of Accident Board was rendered,

insurer had sufficient notice, under Workmen's Compensation Act, pt. 2, § 5 (Vernon's Ann. Civ. St. 1925, art. 8307, § 5), of refusal of claimant and attorney to abide by decision of board.

On Motion for Rehearing.

3. **Master and servant ⬤⟹398—Courts may inquire whether good cause existed for failure to file claim within 6 months with Accident Board.**

Provisions of Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), that Accident Board may for good cause shown waive compliance with 6 months' period prescribed for filing claims, confers no arbitrary authority to waive such filing and courts may inquire whether good cause existed.

4. **Master and servant ⬤⟹394—Each step in maturity of workmen's compensation claim is mandatory requirement necessary to exercise of jurisdiction.**

Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), having created right to be enforced and provided remedy therefor, each step in progress of maturity of claim from time of injury to final adjudication is mandatory requirement necessary to exercise of jurisdiction by first and all succeeding statutory agencies.

5. **Action ⬤⟹34—Where cause of action and remedy are statutory, statute must be complied with or action is not maintainable.**

Where cause of action and remedy for its enforcement are derived not from common law but from statute, statutory provisions are mandatory and exclusive and must be complied with in all respects or action is not maintainable.

6. **Master and servant ⬤⟹405(1)—Evidence held to justify finding that good cause existed for injured workman's failure to file claim within statutory period.**

Evidence that there was understanding among employees that clerk in superintendent's office of employer would prepare and file claim for compensation for injured employee *held* sufficient to justify finding that good cause existed for injured workman's failure to file claim with the Accident Board within 6 months' period prescribed by statute.

On Second Motion for Rehearing.

7. **Master and servant ⬤⟹418(7)—Judgment for compensation claimant will be reversed and remanded, where excuse for failure to file claim in time was not pleaded.**

Where claimant, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), suing to set aside Accident Board's denial of compensation, failed to set up in petition any matter as excuse for not filing claim within statutory period, judgment in his favor, on theory that good cause existed, will be reversed and remanded to trial court for further proceedings.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Proceeding under the Workmen's Compensation Act by Victor Francis, opposed by the

Ford Motor Company and the Employers' Liability Assurance Corporation, Limited, insurer. Compensation was denied, and the claimant filed a suit to set aside the ruling. From a judgment granting an award, the insurer appeals. Reversed and remanded.

Vinson, Elkins, Sweeton & Weems and C. M. Hightower, all of Houston, for appellant.

Gordon O. McGehee, of Houston, for appellees.

LANE, J. On the 9th day of August, 1924, appellee Victor Francis was in the employ of the Ford Motor Company, a subscriber under our Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). At said time said subscriber held a policy issued by the Employers' Liability Assurance Corporation, Limited, of London, England, hereinafter, for convenience, referred to as the Assurance Company or appellant, whereby it indemnified said subscriber against all damages suffered by its employees by reason of personal injuries while in the course of their employment.

On said 9th day of August, Victor Francis suffered an injury while in the performance of his duties as such employee, and the next day thereafter informed his employer thereof, and on the 1st day of August, 1925, almost one year after his injury, for the first time filed claim with the Industrial Accident Board, asking for an award of compensation based upon his weekly wage of $35.

The Industrial Accident Board assumed jurisdiction of the claim, and on the 24th day of September, 1925, rendered its final ruling and decision on the claim, declaring:

"That the claimant has failed to establish to the satisfaction of the board that he suffered any injury whatever at the time and on the occasion of which he complains, and therefore his claim for compensation must be and the same is denied and refused."

By said ruling the Assurance Company was discharged from any liability on account of said claim. Within 20 days from the date of such ruling, claimant notified the Accident Board, in writing, that he would not abide by such ruling and decision, and would file suit for a review thereof.

On the 1st day of October, 1925, Victor Francis, the claimant, and his attorney, Gordon O. McGehee, filed this suit against the Assurance Company to set aside the ruling and decision of the Accident Board. Citation was issued on the 2d day of October, 1925, and was duly served on the Assurance Company on the 14th day of said month. The Assurance Company answered on the 19th day of October of said year by plea of general demurrer and general denial. That part of the plaintiff's petition relating to the time and manner of filing the claim with the Industrial Accident Board, to which the defendant's general demurrer is addressed, is as follows:

"That immediately after said injuries, plaintiff reported same to his employer, and also duly and in due form prepared and filed his proof of claim and notice of injury to the Industrial Accident Board, at Austin, Tex., and furnished duplicates thereof to the defendant, and thereafter placed his claim for compensation under the Workmen's Compensation Act before the Industrial Accident Board, at Austin, Tex."

The cause was submitted to a jury upon special issues, in answer to which the jury found: That Victor Francis sustained an accidental injury on August 9, 1924, by reason of which he was partially incapacitated; that such incapacity was to the extent of 50 per cent.; that such injury was permanent; that the plaintiffs had shown good cause for failure to file the claim of Francis for compensation with the Industrial Accident Board within 6 months from the time of the occurrence of the injury complained of.

Upon the answers of the jury to such issues and the evidence, the court rendered judgment in favor of the plaintiffs for compensation due Francis for 248 weeks, at the rate of $8.65 per week. The judgment decreed that the amount adjudged to be paid weekly should be proportioned and paid $5.75 to Victor Francis and $2.88 to his attorney, McGehee. The Assurance Company has appealed.

[1] Appellant insists, first, that the court erred in not sustaining its general demurrer to the plaintiff's petition, in that it is not alleged therein that the claim for compensation was filed with the Industrial Accident Board within 6 months from the date of the accident or that good cause existed for not so filing same; and that in the absence of such allegations the jurisdiction of the Accident Board to pass upon such claim was not shown.

As we have already shown, it is alleged in the petition that plaintiffs *"duly and in due form"* filed this proof of claim and notice of the injury to Francis with the Accident Board, and furnished a duplicate thereof to the defendant, and thereafter placed their claim for compensation under the Workmen's Compensation Act before the Industrial Accident Board.

The law as it stood at the time of the accident (article 8307, § 4a) provides that unless a claim for compensation with respect to such injury shall have been made within 6 months after the occurrence of same, no proceeding for compensation for such injury under the act shall be maintained. Provided, that for good cause the Accident Board may, in meritorious cases, waive strict compliance with the foregoing limitation as to notice and the filing of the claim before the board.

We have reached the conclusion, not without some doubt, however, that, in the absence of a special exception being addressed to the petition, the allegation that the claim was

*duly and in due form* prepared and filed with the Accident Board should be held to be equivalent to an allegation that the claim was filed within the time required by law, without the necessity of setting out the facts showing good cause for not having filed the claim within 6 months after the occurrence of the accident or injury, and that such allegation was sufficient to authorize the admission of evidence to prove that good cause did exist, authorizing the board to assume jurisdiction of the cause.

[2] Appellant also insists that the court erred in not instructing a verdict in its favor, in that under section 5, pt. 2, of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8307, § 5), the burden was upon appellees to prove that appellant had been served with notice within 20 days after the final decision of the Accident Board that appellees would not abide by such decision, and, there being no evidence that any such notice had been so served, no judgment could have been properly rendered against appellant.

We overrule the assignment. The undisputed evidence shows that the decision of the Accident Board was made September 25, 1925; that this suit was filed on the 1st day of October, 1925; and that appellant was served with citation in the suit on October 14, 1925, which was within 20 days after the decision of the board was made. Appellant filed its answer in the suit October 19, 1925.

The suit having been filed and service of citation had upon appellant within 20 days after the decision of the Accident Board was rendered, appellant had sufficient notice, under the law, of the refusal of appellees to abide by the decision of the board. Millers' Indemnity Underwriters v. Lane (Tex. Civ. App.) 241 S. W. 1085; Harris v. Insurance Association (Tex. Civ. App.) 257 S. W. 998; North Beck Mining Co. v. Industrial Com., 58 Utah, 486, 200 P. 112.

In the case first cited it was said:

"The suit was filed in 12 days after the award was made, and that was sufficient notice to appellant; but, if it was not, appellant knew the suit would be brought, knew it was brought, waived issuance of citation and answered fully in the case. Appellant will not be allowed to evade the liability it assumed for injuries resulting to the employe upon technicalities which have no semblance of right or justice to sustain them."

We now come to a consideration of appellant's contention that the undisputed evidence shows that the claim was not filed with the Accident Board within 6 months after the occurrence of the injury, and that there was no evidence to show that good cause existed for not having filed the claim within such time; that, under such circumstances, the claim was by the terms of the compensation statute barred when filed, unless it be shown that good cause existed for not having filed the same with the board within the 6

months; that the finding of the jury that it was shown that good cause existed for the failure to file the claim with the Accident Board within 6 months was not supported by any evidence, but, to the contrary, the evidence shows that no reason whatever is given for not having so filed the claim.

We think the contention last mentioned should be sustained. The evidence wholly fails to show any good reason why the claim was not filed within the 6 months' period.

Victor Francis, the injured party, testified that he slipped and fell, and when he did so he felt something snap in the small of his back which gave him an awful pain; that as he did not think he was badly injured, he returned to work the next day and on that day reported his injury to his employer; that he made such report so that the Assurance Company could have notice thereof; that he worked the day after the accident; that he worked off and on for practically a year, but not continuously, because he had a pain in the small of his back and running down his right leg; that he had limited motion in his leg to such extent that he could not take a long step; that he could not bend his right leg without it giving him pain; that he had Dr. Dawes to treat him in about a month after the injury, and that the treatment had continued from that time to the time he was giving his testimony; that his injury had been, to some extent, relieved, so that when he sat down awhile it did not give so much pain, but that at any time he did a little work it hurt him very bad; that by reason of such injury he could not work more than 3 days in a week; that such condition lasted practically 9 or 10 months; that he kept trying to work because he had to support his family; that he had to quit work in July, 1925; that from the time of his injury to the time he quit work in July, his employers put him to doing the easiest jobs they could possibly give him, as the foreman did not think he could hold up; that at times the pain was so bad he could not work unless he stood straight or sat down.

Dr. Dawes testified as follows:

"I know the plaintiff in this suit. I have known him about a year and a half. I have been his family physician. Francis came to see me about an injury somewhere about September or October, 1924. I think it was about September, 1924. I made an examination of him at that time. I removed his clothing and examined him by looking at him, and having him go through certain motions, and I had him bend forward, and he could hardly bend forward at all. There is a lateral curvature of the spine to the left. I would say about an inch at the lower end of the spine, that is, the right side is a little higher than the left. There is some tenderness or pressure along the top of the hip bone with a point along the lower part of the spine. There is limited motion of the right leg. There is pain on moving forward and sitting down. He cannot sit in one position very long. I asked him two or three

times when he came to my office why he changed positions so as to sit on one hip or another. I think the condition I found him in would cause him to sit in that position. In my opinion, his injury or condition caused him to do that. I have seen him off and on from September or August, in 1924, to the present time. I saw him quite frequently the latter part of 1924 and for a part of 1925, and since that I have seen him every 2 or 3 months. His condition has been practically the same. When I examined him in August or September, 1924, in my opinion, he was unable to do anything except light work."

This testimony shows clearly that appellant knew not only of his own knowledge soon after his injury that it was a serious injury, but he had the treatment and advice of his doctor to that effect. The facts testified to by both Francis and his doctor fall far short of disclosing any fact or facts which could reasonably have caused the injured party to delay the filing of his claim with the Accident Board beyond the 6 months' period prescribed by the law for such filing; to the contrary, the existence of such facts should, in all reason, have prompted him to have so filed his claim.

After a careful review of the entire record and the facts, we have reached the conclusion that the case has been fully developed in all its phases, and, in view of the fact that we have found no evidence tending to show that the injured party had good cause for not filing his claim with the Accident Board within 6 months after the occurrence of his injury, the judgment of the trial court is reversed and judgment is here rendered for appellant.

Reversed and rendered.

## On Motion for Rehearing.

[3] Counsel for appellee Victor Francis has filed his motion for rehearing based upon two contentions, the first of which is that this court erred in holding, since the undisputed evidence shows that appellee's claim was not filed with the Accident Board within 6 months after the occurrence of his injury, that it was incumbent upon him to show that good cause existed for not having filed his claim within such time, and that having failed so to do, his claim was, by the terms of the compensation statute, barred by limitation at the time same was by the appellee filed with the Accident Board, in that the proviso in the compensation statute that for good cause shown the Accident Board may, in meritorious cases, waive strict compliance with the 6 months' period prescribed for filing claims with the Accident Board (Vernon's Ann. Civ. St. 1925, art. 8307, § 4a), confers upon said board arbitrary and absolute authority to waive the filing of such claims within 6 months, and therefore neither the district court nor this court has authority to inquire into the question as to whether good cause existed for not filing the claim within 6 months.

We are of opinion, as we were at the time of filing our original opinion, that if our finding that there was no evidence showing a good reason why the claim was not filed within 6 months, as required by law, was correct, then our holding that the claim was barred at the time of its filing was correct.

[4, 5] It has been held by the weight of authority, we think, that, the Workmen's Compensation Act having created the right to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement necessary to the exercise of jurisdiction by the first and all succeeding statutory agencies. Such is the holding by our Supreme Court in the case of Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1084. In that case it is said:

"The general rule is that where the cause of action and remedy for its enforcement are derived, not from the common law, but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects, or the action is not maintainable."

In Texas Employers' Insurance Association v. Nelson (Tex. Civ. App.) 292 S. W. 652, it is said:

"In order to sustain the jurisdiction of the district court in rendering the judgment it did render in this case, the plaintiff must have alleged and proved: (1) Notice to the subscriber of the injury; (2) a claim for compensation must have been made by the injured party to the Industrial Accident Board within 6 months after the occurrence of such injury; (3) the party dissatisfied with the final ruling or decision of the Accident Board shall, within 20 days after the rendition of such final decision, give notice to the board and to the adverse party that he will not abide by such final decision, and shall, within 20 days after giving such notice, bring suit in the county where the injury occurred to set aside such final decision of the board. Articles 8306 and 8307, Vernon's Ann. Texas Statutes 1925.

"The district court, in enforcing the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), is a court of limited jurisdiction—the remedies for such enforcement being derived from the statutes, the statutory provisions are mandatory and exclusive and must be complied with in all respects, or the action is not maintainable.

"Each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies."

See, also, Home Life Accident Co. v. Orchard (Tex. Civ. App.) 227 S. W. 705; Georgia Casualty Co. v. Ward (Tex. Civ. App.) 221 S. W. 298; Bushnell v. Ind. Board, 276 Ill. 262, 114 N. E. 497; Northwestern Malt & Grain Co. v. Industrial Co., 313 Ill. 534, 145 N. E.

at page 90; In re Fierro's Case, 223 Mass. 378, 111 N. E. 957; In re Barry's Case, 240 Mass. 409, 134 N. E. 260.

[6] The second contention is that we erred in our finding that there was no evidence to support a finding by either the Accident Board or the district court that good cause existed for appellee's failure to file his claim with the Accident Board within the 6 months' period.

Since our attention has been by the motion directly called to certain evidence which had not theretofore been pointed out, we have carefully examined the statement of facts, and, after so doing, we have reached the conclusion that appellee's contention is sustained by such statement.

In addition to the facts stated in the original opinion, it is shown that there was an understanding among the employees of the Ford Company, the employer of Francis, and said company that, when an employee got hurt, he was to report to the first aid room, and that after so doing it became the duty of a clerk in the superintendent's office to prepare and file the claim of an employee who suffered an injury with the Accident Board; that it was the custom of the employer to make up a statement relative to injuries suffered by an employee and send a copy to the Accident Board.

We think the Accident Board, as well as the trial court, might have reasonably concluded from the facts shown that the claimant probably relied on the clerk, to whom he reported his injury and whose duty it was to file such claims, to file his claim in proper time. Such being the case, we are not at liberty to set aside the findings of the trial judge that good cause was shown for not having filed the claim within 6 months after the injury occurred.

For the reasons here pointed out, the motion of appellee is granted, and the judgment heretofore rendered by this court is set aside. and the judgment of the trial court is affirmed.

Granted.

### On Second Motion for Rehearing.

On a former day of this term of this court we handed down an opinion reversing the judgment of the trial court in favor of appellees, and rendered judgment for appellant, holding that it was essential to a recovery by appellees that it be shown that the injured party had good cause for not having filed his claim with the Accident Board within 6 months after the occurrence of his injury, and that no such showing was made.

Thereafter appellees filed their motion for rehearing, and upon a careful consideration thereof we concluded that there was sufficient evidence to support a finding that good cause was shown for not so filing the claim within 6 months, and, having so concluded,

we granted the motion and affirmed the judgment.

[7] Appellant has now filed its motion for rehearing and insists that we erred in affirming the judgment, for the reason, among others, that there were no pleadings of the plaintiff suggesting good cause on the part of the injured party as would excuse him from filing his claim with the Accident Board within 6 months as required by law, and that not having so filed he was not entitled to show matters constituting such good cause as an excuse for not having filed his claim within the time required by the statute.

We have again examined the plaintiffs' petition and find that there is no plea setting up, or attempting to set up, any matters as an excuse for not having filed the injured party's claim with the Accident Board within 6 months after the time of his injury. It has been held that in such circumstances the judgment in the claimant's favor should be reversed and the cause remanded to the trial court for further proceedings. Georgia Casualty Co. v. Ward (Tex. Civ. App.) 221 S. W. 298; Mingus, Receiver, v. Wadley, 115 Tex. 551, at pages 558, 559, and 562, 285 S. W. 1084; Hood v. Employers' Ins. Ass'n (Tex. Civ. App.) 260 S. W. 245.

In Mingus v. Wadley, supra, after holding that the provisions relative to filing claims with the Accident Board are mandatory and determine the jurisdiction of the courts, it is said:

"Jurisdictional allegations are an integral and necessary part of the case, without the statement of which there is no cause of action."

In Hood v. Employers' Ins. Ass'n, supra, it was held that the jurisdiction of the trial court to hear and determine the suit of the claimant depends on the prerequisites required by the Compensation Act, which should be not only properly alleged but supported by requisite evidence.

In Georgia Casualty Co. v. Ward, supra, the court said:

"Ward was injured in June, 1916, he did not present his claim for compensation for the injury until March 13, 1918. By the terms of the Act, April 16, 1913 (Laws 1913, c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), referred to in said opinion, Ward was excused from presenting such a claim within the time therein specified if and while he was physically or mentally incapacitated from making it. There were no pleadings by appellee suggesting such incapacity on Ward's part as excused him from making the claim before he did, but appellees insist in the motion there was evidence tending to show such incapacity, and therefore that after reversing the judgment we should have remanded the cause for further proceedings in the trial court, instead of here rendering judgment dismissing the suit. We have concluded that appellees' contention should be sustained in respect to the matter stated, and will set aside the judgment rendered here so far as it dismissed the case, and

will, instead, direct that the cause be remanded to the court below for such further proceedings there as are authorized by law."

Having reached the conclusions above expressed, the motion of appellant is granted, and our former judgment is set aside, and the judgment of the trial court is reversed, and the cause is remanded for such further actions as are by law authorized.