NICOLINO CELLURALE'S (dependent's) CASE.

Suffolk. May 3, 1955. — July 6, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Dependency. *Husband and Wife,* Dependency, Living apart.

The conclusive presumption of dependency of a wife upon her husband under § 32 (a) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, was inapplicable where at the time of the death of an employee he and his wife were and had been for many years living apart by mutual agreement. [39]

A conclusion by the Industrial Accident Board that the wife of an employee who died from an injury was wholly dependent for support upon him at the time of injury within G. L. (Ter. Ed.) c. 152, § 32, was not warranted by evidence that at such time the husband and wife were and had been for many years living apart by mutual agreement, and that she was living in a foreign country on a farm purchased by him from which she had been receiving profits from the sale of products besides contributions to her support of money, food and clothing sent by him. [40]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *O'Connell, J.*

*Charles T. Sexton,* for the insurer.

*Fred J. Moscone,* for the claimant.

COUNIHAN, J. This is a proceeding to recover dependency compensation under the workmen's compensation act. G. L. (Ter. Ed.) c. 152, §§ 31, 32. Nicolino Cellurale was injured on March 20, 1946, as the result of an accident which arose out of and in the course of his employment by the insured. He died on the same day leaving a widow, Filomena I. Cellurale, of Italy, who filed a claim for total dependency. He also left three adult children in Italy, none of whom was a dependent. After a hearing on December 12, 1951, the single member found that the claimant

was totally dependent upon the employee at the time of his injury and death and he awarded her the maximum amount due her as a total dependent. Upon review a majority of the reviewing board affirmed and adopted the findings and decision of the single member. Upon certification to the Superior Court a decree was entered in accordance with the decision of the board, from which the insurer appealed. We are of opinion that the decree was erroneous.

We summarize the facts: The employee was married to Filomena at St. Angelo in Grotte, in the province of Campobasso, Italy, on April 25, 1909. He lived with his wife there for about three months when by mutual agreement he came to this country with her brother. In the intervening years he went back to Italy two or three times, remaining there for a period of "two or three or four years" at a time before returning to this country. Filomena never came to this country.

In answers to interrogatories Filomena stated that she could not recall the exact date when she last saw her husband — "It may have been thirteen or fourteen years ago." The employee in 1922 or thereabouts acquired a piece of land with a dwelling house on it in St. Angelo for $2,500. Filomena thereafter lived in this house and had an income from the sale of crops (wheat, corn, potatoes, and beans) produced on the land. With favorable conditions she earned from ten to fifteen thousand lire each year after payment of labor and other expenses. In 1946 when the employee died a lira had the value of one cent. In 1945 he sent to his wife 19,792 lire and $100 in American money. In 1946 before his death he sent to his wife 14,348 lire and $145 in American money. He also sent in 1946 two packages of clothing and food the value of which is not shown in the record.

The single member found that "the claimant lived on a farm purchased by her husband . . . and tilled the soil but did not earn an amount sufficient to keep her"; that "prior to World War II the decedent had transmitted substantial amounts of money to the claimant yearly"; and that altogether "the contributions thus rendered by the decedent

constituted in major part an essential element in maintaining the claimant in her customary standard of living." He likewise found that "the claimant was not voluntarily living apart from the decedent."

It is difficult to understand the application of this last finding unless the single member intended to rule that the claimant was conclusively presumed to be wholly dependent upon the decedent at the time of his death. General Laws (Ter. Ed.) c. 152, § 32, reads: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the department shall find the wife was living apart for justifiable cause or because he had deserted her. The findings of the department upon the questions of such justifiable cause and desertion shall be final." It is plain from the evidence that the separation of the claimant and the decedent was by mutual agreement and therefore no presumption arises. *Di Clavio's Case*, 293 Mass. 259, 262–263. This finding or ruling was obviously tainted by error of law.

The question of the dependency of the claimant must be determined by the last paragraph of § 32 which reads in part, "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact as the fact may be at the time of the injury."

The question as to the extent of dependency is one of fact to be determined by the reviewing board, and "It is settled that the findings of a reviewing board are to be sustained whenever possible, and they are not to be reversed unless they are lacking in evidential support or are tainted by an error of law." *Paltsios's Case*, 329 Mass. 526, 528. *McMurray's Case*, 331 Mass. 29, 32. The statement in *Mozetski's Case*, 299 Mass. 370, 372, that "its decision in matters of fact is final," must be modified by what has been said in later cases. The burden of proving dependency is upon the claimant. *Roney's Case*, 316 Mass. 732, 733–734.

The single member also found, and his findings were

affirmed and adopted by the reviewing board, that "the claimant lived on a farm purchased by her husband . . . and tilled the soil" and received profits from the sale of products of the farm. It was said in *Derinza's Case*, 229 Mass. 435, at page 446, "Payment of rent, as matter of common knowledge, is a material part of the support of every family whose home is hired. If the housing is provided from some other source than the 'earnings' of the employee, it cannot with due regard to the force of words be said that the wife is wholly dependent upon those 'earnings.'" See *Hassan's Case*, 240 Mass. 355. This finding definitely indicates that the claimant had income from sources other than the earnings of the employee. The conclusion that she was totally dependent upon the employee was lacking in evidentiary support. The decision of the reviewing board which adopted the findings of the single member was not warranted by the evidence and was tainted by error of law. The decree of the judge was therefore wrong.

In its brief the insurer admits that the claimant is entitled to a finding of partial dependency.

The decree is reversed and a decree is to be entered remanding the case to the Industrial Accident Board to determine upon evidence already heard the amount of partial compensation to which the claimant is legally entitled.

*So ordered.*