JOSEPH L. DIANA'S CASE.

Suffolk.    April 2, 1957. — May 3, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Workmen's Compensation Act*, Dependency.    *Parent and Child.*

A conclusion by the Industrial Accident Board in a workmen's compensation case that the father, mother, and sister, living together in Italy, of an injured thirty-one year old employee were not in fact wholly dependent on him within G. L. (Ter. Ed.) c. 152, § 35A, as appearing in St. 1946, c. 553, was justified, and dismissal of a claim for dependency compensation on their account proper, upon findings by the board that it was "constrained in view of the conflicting and confusing testimony . . . to discredit the evidence as to any contributions for [their] support . . . so as to constitute them dependents of the employee within the purview of § 35A," and that the mother owned the house in Italy in which they lived.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act denying a claim for dependency compensation.

The claimant appealed from a final decree by *O'Connell*, J., dismissing the claim.

*Nazzareno A. Toscano*, for the claimant.

*Francis X. Burns*, for the insurer.

COUNIHAN, J.    This is a proceeding to recover dependency compensation under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, § 35A, as appearing in St. 1946, c. 553, which reads so far as here material, "Where the injured employee has persons conclusively presumed to be dependent upon him or in fact so dependent, the sum of two dollars and fifty cents shall be added . . . for each person wholly dependent on the employee . . . .    For the purposes of this

section the following persons shall be conclusively presumed to be wholly dependent for support upon an employee: . . . (d) A parent upon an unmarried child under the age of eighteen. In all other cases questions of dependency shall be determined in accordance with the fact as the fact may be at the time of the injury. . . ."

The employee was injured on July 11, 1952, and was awarded compensation for his injuries. He also sought dependency compensation on account of his father, mother and sister Theresa, all of whom lived together in Italy. The single member found that the father, mother and sister were wholly dependent on the employee for their support and awarded dependency compensation. Upon a claim of review by the insurer, a majority of the reviewing board found that those persons were not wholly dependent upon the employee in fact and denied the claim. Upon certification to the Superior Court a decree was entered dismissing the claim for dependency compensation and the employee appealed. There was no error.

There was evidence that the employee was born in the State of New York and that at the time of the injury he was about thirty-one years old. When he was two or three he went to Italy with his parents with whom he lived there until he returned to this country on or about August 1, 1950. During the rest of the year 1950 and in 1951 and 1952 up to the time of his injury he intermittently sent money to his father, the amounts of which were indefinite. His mother owned the house in Italy in which the father, mother and Theresa lived.

The reviewing board made a specific finding that on all of the evidence it was "constrained in view of the conflicting and confusing testimony on the part of the employee and of his sister [Rosa] to discredit the evidence as to any contributions for support to the foreign dependents . . . so as to constitute them dependents of the employee within the purview of § 35A of the act, as amended."

Obviously the parents in the case at bar were not conclusively dependent upon the employee who was more than

eighteen years old at the time of the injury. This left it the duty of the reviewing board to determine the question of dependency as one of fact. We have frequently stated, and but recently in *Cellurale's Case*, 333 Mass. 37, 39, have repeated, that "The question as to the extent of dependency is one of fact to be determined by the reviewing board, and 'It is settled that the findings of a reviewing board are to be sustained whenever possible, and they are not to be reversed unless they are lacking in evidential support or are tainted by an error of law.'"

It is significant that the reviewing board also found that the mother of the employee owned the house in which the alleged dependents lived in Italy. This is enough in and of itself to refute the assertion that the alleged dependents were wholly dependent on the employee for their support. *Derinza's Case*, 229 Mass. 435, 446. *Hassan's Case*, 240 Mass. 355. *Cellurale's Case*, 333 Mass. 37, 40.

We are satisfied that the findings of the reviewing board are not lacking in evidential support and are not tainted by error of law.

*Decree affirmed.*